366 So.2d 874 (1979)
Donna K. KINZER, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1618.
District Court of Appeal of Florida, Fourth District.
January 31, 1979.
Richard L. Jorandby, Public Defender, West Palm Beach, and Martin H. Colin, Lake Worth, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Chief Judge.
Appellant contends the trial court erred in admitting illegally obtained evidence during her probation revocation hearing.
It appears that Officer Purcell, while on routine patrol in plain clothes, observed appellant, a female, exit a vehicle which was parked in a field, saw a black male approach her, saw appellant assume a crouching position and saw appellant and the black male walk toward an adjacent street. On the basis of this observation Officer Purcell stopped and detained appellant and her male companion in order to run a routine identification and records check on them.
The records check on appellant revealed there was an outstanding warrant for her arrest for grand larceny. Appellant was thereupon arrested. Next, Purcell conducted an inventory search of appellant's car, even though the car was not obstructing traffic, was locked and appellant testified the car belonged to her mother and she requested her mother be allowed to come and get the car. This search produced a bag of marijuana located behind the driver's seat.
Appellant was on probation and the above described occurrence gave rise to the probation revocation proceeding in question. Appellant moved to suppress the marijuana found in the car, but the court denied said motion and admitted it in evidence at the revocation hearing.
*875 On appeal appellant contends that the initial stop by Officer Purcell and the ensuing search of the car were improper and thus the marijuana should have been suppressed.
In our opinion Officer Purcell did not have a right to stop appellant because the observations recounted were not sufficient to give the officer a "well founded suspicion" that criminal activity was afoot.[1] In addition, we believe the inventory search was pretextual. None of the alternatives suggested in Jenkins v. State, 319 So.2d 91 (Fla. 4th DCA 1975), and Chuze v. State, 330 So.2d 166 (Fla. 4th DCA 1976) were followed. There were no circumstances shown which necessitated the inventory search. Nonetheless, the evidence was admissible in the probation revocation proceeding, which is administrative in nature,[2] because the exclusionary rule may not be invoked in probation proceedings.[3]
In Croteau v. State, 334 So.2d 577 (Fla. 1976), the Supreme Court of Florida made it quite clear that evidence obtained by the unlawful search and seizure of a probationer is not admissible to support a new criminal charge, but the evidence is admissible in a revocation of probation hearing. Accordingly, the illegally obtained evidence was admissible against appellant in the proceeding to revoke her probation. We have considered appellant's other points and find them to be without merit.
The judgment appealed from is affirmed.
MOORE, J., concurs.
LETTS, J., concurring specially with opinion.
LETTS, Judge, concurring specially:
In State v. Stevens, 354 So.2d 1244, 1247 (Fla. 4th DCA 1978), Justice Alderman set forth several criteria to be considered when the legality of an initial stop is considered. In the case at bar, we have a single female late at night, in a high crime neighborhood. The car was parked in a field which is not the normal place to park one. This latenight rendezvous was observed by police, it was of short duration, and included a crouching down of the defendant. Thereafter, the two separated and walked off in opposite directions. Any officer would have his or her suspicions aroused by such a chain of unusual circumstances and in my view it would be "founded." Section 901.151, Florida Statute (1977) does not require probable cause, it speaks of circumstances which reasonably indicate a present or impending violation of the criminal laws. It is my view, therefore, that the initial stop was lawful.
NOTES
[1] That this is the appropriate test was recently reaffirmed in Mullins v. State, 366 So.2d 1162 (Fla. 1978).
[2] Croteau v. State, 334 So.2d 577 (Fla. 1976).
[3] Id.; accord, United States v. Hill, 447 F.2d 817 (7th Cir.1971); U.S. ex rel. Lombardino v. Heyd, 318 F. Supp. 648 (E.D.La. 1970); People v. Dowery, 20 Ill. App.3d 738, 312 N.E.2d 682 (1st Dist.Ill. 1974).