368 So.2d 667 (1979)
Anthony GIBSON, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 77-1781, 77-1782.
District Court of Appeal of Florida, Third District.
March 20, 1979.
Bennett H. Brummer, Public Defender and Warren S. Schwartz, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and William M. Grodnick, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, J., and CHARLES CARROLL (Ret.) and EZELL, BOYCE F., Jr., (Ret.), Associate Judges.
*668 SCHWARTZ, Judge.
The defendant Gibson appeals from judgments of guilt and concurrent sentences of six months in prison for possession of controlled substances and for grand larceny. The grand larceny judgment was entered after the defendant's probation for that crime was revoked because of his having committed the substantive offense of possession. The sole issue concerns the lower court's action in denying suppression of the contraband in question. We affirm.
Since we hold that, under the circumstances involved,[1] the initial stop of the defendant was properly based upon the police officer's "reasonable" or "founded suspicion" of criminal activity, State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978), the trial court correctly denied the motion to suppress the heroin which was found, without a "search," where Gibson had left it in a pouch which the officer could plainly see as he was detaining the defendant. State v. Stevens, supra, at 1248. Gibson's subsequent arrest was in turn founded upon probable cause to believe that he had committed the felony of the possession of that heroin; it was therefore lawfully effected notwithstanding the fact that the officer formally stated that he was arresting Gibson for loitering and prowling, rather than possession. Maddox v. State, 236 So.2d 469 (Fla. 1st DCA 1970); Hoskins v. State, 208 So.2d 145 (Fla. 3d DCA 1968), cert. denied, 214 So.2d 622 (Fla. 1968). Hence, the court also rightly refused to suppress additional heroin and a quantity of cocaine which was discovered upon a search of the defendant's person after and incident to the thus-lawful arrest. Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973).
Affirmed.[2]
NOTES
[1] The defendant started to run when the officer approached him and three companions in front of an alley in a deserted area of Opa Locka at 5:00 in the morning.
[2] Since we find the search and seizures to have been justified we need not discuss whether evidence which has been unconstitutionally secured may nevertheless be employed in a probation revocation proceeding. See Croteau v. State, 334 So.2d 577 (Fla. 1976); Kinzer v. State, 366 So.2d 874 (Fla. 4th DCA 1979). Nor need we decide whether, if it may be so employed, the conviction of the substantive offense would be properly reviewable at all since the sentence imposed was only concurrent to that involved in the case in which Gibson's probation was revoked. Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1942); Mathis v. State, 348 So.2d 1221 (Fla. 3d DCA 1977), cert. denied, 357 So.2d 186 (Fla. 1978).