373 So.2d 905 (1979)
Johnny Lee GRUBBS, Petitioner,
v.
STATE of Florida, Respondent.
No. 54980.
Supreme Court of Florida.
July 26, 1979.
*906 Richard L. Jorandby, Public Defender, and Craig S. Barnard, Asst. Public Defender, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., and Kenneth G. Spillias, Asst. Atty. Gen., West Palm Beach, for respondent.
OVERTON, Justice.
This is a petition for writ of certiorari to review a decision of the Fourth District Court of Appeal upon the following certified question:
Is a condition of probation requiring a probationer to consent to a search at any time, by any law enforcement officer, violative of the probationer's rights under the Fourth Amendment of the United States Constitution or Article I, Section 12, of the Florida Constitution?
Grubbs v. State, 362 So.2d 396, 397 (Fla. 4th DCA 1978).
*907 By its nature, this question therefore concerns not only the validity of any special authority of law enforcement officials but also includes the authority of probation supervisors to search probationers without a warrant in the absence of an approved exception to the warrant requirement. There are numerous factors which must be considered in order to ensure a proper interpretation of our answer to this question. Law enforcement officers and probation supervisors have different responsibilities. Consequently, their authority to search a probationer is not the same although many cases treat their actions similarly without regard to these differing responsibilities. In summary we hold: (1) the authority of law enforcement officers and probation supervisors to conduct a warrantless search of a probationer is not dependent upon the presence of an express search condition in an order of probation; (2) a warrantless search of a probationer's person or residence by a probation supervisor is valid to the extent that the evidence discovered is used only in probation violation proceedings; (3) the use of seized evidence in a new criminal proceeding requires compliance with customary fourth amendment requirements although the opportunity to meet those requirements may be easier because the defendant is a probationer; (4) to the extent it intends to grant greater authority to law enforcement officers to conduct a warrantless search, a unilateral search condition set forth in an order of probation requiring a probationer to consent at any time to a warrantless search is a violation of the fourth amendment to the United States Constitution and article I, section 12, of the Florida Constitution. We have not addressed in this opinion the effect of a consent-to-search condition in a probation order which has been expressly and voluntarily agreed to by a probationer.
The record reflects that the petitioner was found guilty by a jury of one count of robbery with a firearm and one count of attempted robbery. The trial judge sentenced him to life imprisonment for the robbery offense with the provision that after serving eighteen years of confinement he would be placed on probation for life. For the conviction of attempted robbery, the petitioner was placed on probation for a period of fifteen years to run consecutively to the imprisonment imposed for the robbery conviction. The order of probation contained the following condition: "The court retains custody of the person of the probationer and authorizes any Probation Supervisor and any law enforcement officer to search, at any time, the probationer and all vehicles and premises concerning which he has legal standing to give consent to search." The district court held the condition proper, citing Isaacs v. State, 351 So.2d 359 (Fla. 4th DCA 1977), and Pace v. State, 350 So.2d 1075 (Fla. 4th DCA 1977).
The question of the validity of warrantless searches of a probationer's person or place of residence has produced varying views in state and federal jurisdictions. Clearly a probationer should not enjoy the same status as an ordinary citizen. A probationer has been convicted of a criminal offense but has been granted the privilege of being free on probation conditioned on his supervision by a probation officer. Under these circumstances, the probationer is entitled to some but not all due process rights.
We recognize that an individual does not absolutely forfeit the protection of the fourth amendment prohibition of unreasonable searches and seizures merely by assuming the status of a probationer, Croteau v. State, 334 So.2d 577 (Fla. 1976), nor does the probationer totally lose his fifth amendment privilege against self-incrimination, State v. Heath, 343 So.2d 13 (Fla.), cert. denied, 434 U.S. 893, 98 S.Ct. 269, 54 L.Ed.2d 179 (1977). By reason of the probationer's status, however, these rights are qualified rights. An illustration is the distinction that has developed in the application of the exclusionary rule in federal proceedings to evidence offered in probation violation proceedings contrasted with its application to evidence used to prosecute a new criminal charge against a probationer.
*908 Because of the apparent confusion in this area of the law, it is important that we clarify the authority of a probation supervisor to search a probationer.

Use of Evidence in Probation Violation Proceedings
All authorities agree that the probation supervisor has the authority to visit the probationer's home or place of employment without the necessity of a warrant. United States v. Workman, 585 F.2d 1205, 1208 (4th Cir.1978); Croteau v. State, 334 So.2d 577, 580 (Fla. 1976); cf. Wyman v. James, 400 U.S. 309, 317-18, 91 S.Ct. 381, 27 L.Ed.2d 408 (1971) (caseworker's visit to home of welfare recipient is not a search). Chapter 948, Florida Statutes (1977), provides that a defendant placed on probation shall be under the "supervision and control" of the Department of Offender Rehabilitation. It is our view that this statute inherently includes the duty of the probation supervisor to properly supervise the individual on probation to ensure compliance with the probation order. The statute further expressly authorizes the probation supervisor to arrest a probationer without a warrant and to bring the probationer before the court which entered the probation order whenever there is a reasonable ground to believe the probationer has violated his probation. § 948.06, Fla. Stat. (1977).
It would be impossible to properly supervise an individual on probation if the probation supervisor had no authority to enter upon the living quarters of his probationer to observe his lifestyle; to require the probationer to respond to the probation supervisor concerning requests for information including place of residence, employment, identity, to confirm or deny his location at a particular place or at a particular time; to explain his noncriminal conduct; and to permit a reasonable search of his person and quarters by the supervisor. In our view it would be unreasonable to require a probation supervisor to supervise an individual on probation in the absence of such authority.
In Croteau v. State, 334 So.2d 577 (Fla. 1976), we held that a probation officer had the authority to enter upon the living quarters of his probationer and to conduct a warrantless search. We further held that any evidence discovered would be admissible in probation revocation proceedings although the same evidence would not be admissible to prove a new criminal offense. In State v. Heath, 343 So.2d 13 (Fla.), cert. denied, 434 U.S. 893, 98 S.Ct. 269, 54 L.Ed.2d 179 (1977), we held that a probationer, upon a specific request and at periodic intervals, was required to identify himself and provide all information necessary to his supervision. We specifically determined that admissions or statements made by the probationer to his supervisor would be admissible in probation revocation proceedings. In that decision we reiterated the fact that the exclusionary rule for statements obtained in violation of the fifth amendment privilege against self-incrimination would be applicable to statements offered at a trial for a separate criminal offense.
Numerous federal jurisdictions, including the Fifth Circuit Court of Appeals, have considered this issue. In United States ex rel. Lombardino v. Heyd, 318 F. Supp. 648 (E.D.La. 1970), aff'd, 438 F.2d 1027 (5th Cir.), cert. denied, 404 U.S. 880, 92 S.Ct. 195, 30 L.Ed.2d 160 (1971), the probationer was stopped and frisked without a warrant by a policeman who had been the arresting officer on the burglary charge for which the probationer was on probation. As a result of the search, a tin of marijuana was discovered. The trial judge held that the search was illegal, finding there were neither reasonable grounds for suspicion that the probationer was armed nor probable cause for arrest. After this hearing, the state dropped charges of possession of marijuana. Subsequently, the same trial judge, at a probation revocation proceeding, found that the probationer had violated conditions of his probation because of the possession of marijuana found in the illegal search. The decision of the trial judge was affirmed, in effect recognizing the differences between a new criminal proceeding and a probation revocation hearing insofar as the application *909 of the exclusionary rule is concerned. See also United States v. Brown, 488 F.2d 94 (5th Cir.1973). Other federal circuits also adhere to the view that the exclusionary rule is inapplicable to probation revocation proceedings. See Latta v. Fitzharris, 521 F.2d 246 (9th Cir.), cert. denied, 423 U.S. 897, 96 S.Ct. 200, 46 L.Ed.2d 130 (1975); United States v. Farmer, 512 F.2d 160 (6th Cir.), cert. denied, 423 U.S. 987, 96 S.Ct. 397, 46 L.Ed.2d 305 (1975); United States v. Hill, 447 F.2d 817 (7th Cir.1971); United States ex rel. Sperling v. Fitzpatrick, 426 F.2d 1161 (2nd Cir.1970). None of these decisions were conditioned or dependent upon the presence of an express search condition in the order of probation.
Article I, section 12, of the Florida Constitution, prohibiting unreasonable searches and seizures, is more restrictive than its federal counterpart contained in the fourth amendment to the United States Constitution. The Florida Constitution provides:
The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated... . Articles or information obtained in violation of this right shall not be admissible in evidence.
The last sentence is an express constitutional exclusionary rule as distinguished from the federal rule which exists by case decision. As a consequence, in Florida for evidence derived from a search or seizure to be admissible in either probation revocation proceedings or a new criminal action, the evidence must be properly or reasonably obtained given the circumstances and the responsibilities of the probation supervisor or a law enforcement official who makes the search and seizure.
It is our opinion that an individual convicted of a criminal offense who is placed on probation should be subject to certain reasonable restrictions on his living in an open society. By his or her conviction, the probationer has already demonstrated a need for supervised control. Probation in certain circumstances is desirable for several reasons. It maximizes the probationer's usefulness in society while still vindicating the authority of the law in protecting the public. Though probation conditions may at times severely restrict a probationer in comparison with an ordinary citizen, they are not nearly as restrictive as imprisonment. Probation conditions must be reasonably related to the offense and should provide the standard of conduct essential to the probationer's rehabilitation in addition to the protection of the public.
Protection of the public is an important and proper consideration by the trial judge when determining whether probation or confinement should be imposed. If proper conditions related to the purpose of probation cannot be imposed by the trial judge or if unreasonable limitations and restrictions are placed on probation supervisors, the use of probation may substantially decline. The sentencing judge must be free to impose conditions of probation that are reasonably related to the offense and the rehabilitation of the offender, and the probation supervisor must be allowed the necessary authority to properly supervise the probationer. The search of a probationer's person or residence by a probation supervisor without a warrant is, in our view, a reasonable search and absolutely necessary for the proper supervision of probationers. However, granting such general authority to law enforcement officials is not permissible under the search and seizure provisions of the Florida or United States Constitutions.

The Use of Discovered Evidence in New Criminal Charges Against a Probationer
With reference to new criminal proceedings, the rights available to ordinary citizens are also generally available to probationers subject to certain limitations which result from the probationer's status. It is generally recognized that a probation officer may visit the probationer's home or place of employment without a warrant and that the visit is not a search. Wyman v. James, 400 U.S. 309, 91 S.Ct. 381, 27 *910 L.Ed.2d 408 (1971); United States v. Workman, 585 F.2d 1205 (4th Cir.1978); Latta v. Fitzharris, 521 F.2d 246 (9th Cir.), cert. denied, 423 U.S. 897, 96 S.Ct. 200, 46 L.Ed.2d 130 (1975). Further, a probation officer may act as any other law enforcement officer in exigent circumstances. He may search and seize articles incident to a lawful arrest. See Martin v. United States, 183 F.2d 436 (4th Cir.1950). Since his authority to visit a probationer in his home or place of employment places the probation supervisor lawfully on the premises, he can seize contraband or evidence of crime that is in plain view. For his own safety, he or a law enforcement officer can stop and frisk a probationer without his consent in accordance with standards of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). When either a probation supervisor or law enforcement officer seeks a warrant to search certain premises, the fact that the occupant is a probationer is a factor which may be considered with other circumstances to establish proper probable cause for issuance of a search warrant. See United States v. Workman, 585 F.2d 1205, 1207 (4th Cir.1978).
In United States v. Consuelo-Gonzalez, 521 F.2d 259 (9th Cir.1975), the court excluded from a criminal trial evidence discovered during an illegal search of a probationer's property by law enforcement officers but noted that the evidence would have been admissible if the search had been conducted by a probation officer. A contrary view is expressed in United States v. Workman, 585 F.2d 1205 (4th Cir.1978), and United States v. Hallman, 365 F.2d 289 (3d Cir.1966).
In summary, the fourth amendment ordinarily applies to a probationer when evidence is used to prove a separate criminal offense although the probationer's status gives the probation supervisor standing to be in locations not ordinarily available to law enforcement officers. Further, when either probation supervisors or law enforcement officers seek a warrant, the probationary status may be used as a factor to establish probable cause.
In many circumstances a probationer consents in open court to the conditions of probation, and, in addition, subsequently signs the written probation order. Because of the nature of this particular sentence of probation, there was no agreement on the record in open court by the petitioner to the condition in the probation order nor was there an express consent given in any other way to the search provision. We therefore have not addressed the effect of the express consent of a probationer given in open court at the time he or she is placed on probation. That issue is not before us and, from our research, has not been specifically addressed in any jurisdiction.
In regard to the specific certified question before us, the search condition set forth unilaterally by the judge in the probation order which requires a probationer to consent at any time to a warrantless search by a law enforcement officer is a violation of article I, section 12, of the Florida Constitution, and the fourth amendment to the United States Constitution. This type of condition, in the manner in which it was imposed, cannot properly establish authority to conduct a warrantless search in the absence of one of the traditional exceptions to the warrant requirement. The question certified must therefore be answered in the affirmative. We emphasize that the authority of probation supervisors and law enforcement officers to conduct warrantless searches of probationers in accordance with the views set forth in this opinion is not dependent upon a search condition expressly set forth in the order of probation.
For the reasons expressed, we quash the opinion of the district court of appeal to the extent it approves the inclusion of an express search condition set forth unilaterally by the trial court in an order of probation requiring a probationer to consent at any time to a warrantless search by a law enforcement officer. This case is remanded for further proceedings consistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD and SUNDBERG, JJ., concur.