378 So.2d 110 (1980)
Herbert L. WOOD, III, Appellant,
v.
STATE of Florida, Appellee.
No. 78-521/T4-71.
District Court of Appeal of Florida, Fifth District.
January 2, 1980.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Chief, App. Div., Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mary E. Marsden, Asst. Atty. Gen., West Palm Beach, for appellee.
COBB, Judge.
Appellant was convicted of three counts of obtaining property of value by means of worthless checks. This appeal from the sentences to terms of probation challenges the following special conditions on appellant's probation: that he not have a checking account; that he not be in possession of blank checks; that he submit to physical examination for the presence of drugs upon the request of any probation supervisor or law enforcement officer; and that he submit to a search at any time, by any probation supervisor and any law enforcement *111 officer of his person and all vehicles and premises concerning which he has legal standing to consent to search. Appellant contends the conditions are unduly harsh and restrictive; and that the search condition is constitutionally invalid.
The evidence before the lower tribunal showed that appellant has a drinking problem and is generally inattentive in his check writing when he is drinking. The conditions concerning checks and physical examination are not unduly harsh and restrictive, but are reasonably related to the offense and provide a standard of conduct essentially promoting this probationer's rehabilitation in addition to protection of the public. See Heatherly v. State, 343 So.2d 54 (Fla. 4th DCA 1977).
As for the search condition, the orders are valid insofar as they relate to searches by the probation supervisor. State v. Heath, 343 So.2d 13 (Fla. 1977), cert. denied, 434 U.S. 893, 98 S.Ct. 269, 54 L.Ed.2d 179 (1977); Grubbs v. State, 373 So.2d 905 (Fla. 1979); Pace v. State, 373 So.2d 911 (Fla. 1979). However, to the extent the search condition "intends to grant greater authority to law enforcement officers to conduct a warrantless search, a unilateral search condition set forth in an order of probation requiring a probationer to consent at any time to a warrantless search is a violation of the fourth amendment to the United States Constitution and article I, section 12, of the Florida Constitution." Grubbs, supra at 907. Accordingly, the conditions of the probation orders are affirmed, except for the portion of the condition authorizing warrantless search at any time by law enforcement officers, which is reversed.
AFFIRMED IN PART; REVERSED IN PART.
DAUKSCH, C.J., and SHARP, J., concur.