387 So.2d 995 (1980)
Betty Jean RAY, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1823.
District Court of Appeal of Florida, Fourth District.
August 27, 1980.
*996 Joseph Jordan, of Bailey & Jordan, P.A., West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Marc E. Kirk, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
While on probation appellant was stopped for driving without a proper license and for infraction of a traffic ordinance. The arresting officer found cocaine in a pocket of appellant's coat. A motion to suppress the evidence so obtained in a probation revocation hearing was denied.
We are asked to reverse on the basis of the exclusionary rule.
The applicable safeguards of the federal constitution, embodied in the Fourth and Fourteenth Amendments, buttressed by the court-created exclusionary rule, offer no solace to appellant. Those federal jurisdictions which have considered the issue have uniformly refused to exclude evidence in probation revocation hearings which might well be considered to have been illegally obtained for purposes of a new criminal action. See, for example, United States v. Brown, 488 F.2d 94 (5th Cir.1973) and United States ex rel. Sperling v. Fitzpatrick, 426 F.2d 1161 (2d Cir.1970).
We turn, then, to a consideration of this issue in the context of Florida Jurisprudence. In Croteau v. State, 334 So.2d 577 (Fla. 1976), our Supreme Court reviewed the federal authorities and held that:
[W]hile evidence obtained in violation of the Fourth Amendment may be admissible against the probationer at a revocation hearing, such evidence cannot constitutionally be admitted at a criminal trial.
The issue of whether or not this rule obtains under the Florida Constitution was not specifically addressed by the court in that case.
In Grubbs v. State, 373 So.2d 905 (Fla. 1979), the Florida Constitutional provision was brought squarely into focus. Discussing Article I, Section 12 of the Florida Constitution, it was noted that the Florida provision
is an express constitutional exclusionary rule as distinguished from the federal rule which exists by case decision. As a consequence, in Florida for evidence derived from a search or seizure to be admissible in either probation revocation proceedings or a new criminal action, the evidence must be properly or reasonably obtained given the circumstances ...
*997 The test for admissibility then, under the Florida Constitution, is not whether the evidence is being offered in a revocation proceeding or a criminal trial, but rather whether the evidence was "properly or reasonably obtained" under the circumstances.
One of the circumstances to be taken into account may be the fact of probation itself. Grubbs v. State, supra; Croteau v. State, supra. However, in the present case, the record does not reflect that the searching officer was aware of appellant's probationary status. He reached into appellant's pockets, after appellant had emptied them pursuant to his request, and found the contraband. He had no reason to believe that appellant had a weapon and admittedly was "just exploring." Under these circumstances the evidence was not properly or reasonably obtained and the judgment must therefore be reversed.
The trial court revoked appellant's probation for this and other charges. The record and evidence as to these other charges has apparently been either lost or destroyed and neither party's statement of the evidence has been approved by the trial court as required by Rule 9.200(b)(3), Florida Rules of Appellate Procedure.
Accordingly, this cause is remanded to the trial court with directions to conduct another hearing on those charges filed against appellant not pertaining to the evidence obtained by virtue of the illegal search.
REVERSED AND REMANDED WITH DIRECTIONS.
FAGAN, OSEE R., Associate Judge, concurs.
ANSTEAD, J., specially concurs with opinion.
ANSTEAD, Judge, specially concurring:
In this case the trial court ruled that the evidence in question was seized as a result of an illegal search conducted in violation of the appellant's federal and state constitutional rights under the Fourth Amendment of the United States Constitution and Article I, Section 12 of the Florida Constitution. However, relying upon the case of Croteau v. State, 334 So.2d 577 (Fla. 1976), the trial court ruled that the exclusionary rule, by which illegally seized evidence is deemed inadmissible in criminal proceedings, did not apply to probation revocation proceedings. This court has previously reached the same conclusion in Kinzer v. State, 366 So.2d 874 (Fla. 4th DCA 1979). At issue now is whether the subsequent decision rendered in Grubbs v. State, 373 So.2d 905 (Fla. 1979) requires a different result.
The actual ruling in Croteau, supra, was that illegally seized evidence was not admissible in a criminal trial even though the defendant, from whom the evidence was seized, was also a probationer at the time of the seizure and the seizure was made by a probation supervisor. In rather explicit dicta the majority opinion in Croteau indicated that the exclusionary rule did not apply to probation revocation proceedings. Justice Hatchett, in a special concurrence, noted that it was not necessary to decide whether evidence seized in violation of Article I, Section 12 must be excluded from probation hearings.[1] And Justice Overton, in a dissent, stated that he believed the search and seizure, since it was conducted by defendant's probation supervisor, was reasonable and the evidence should be admitted at the criminal trial as well as any probation hearings:
The majority holds the search by a supervising probation officer is unreasonable to the extent it is used to charge a new criminal offense but reasonable when used to revoke probation. The purpose of the exclusionary rule is to prevent illegal conduct by law enforcement officers. I fail to see the logic in the view expressed by the majority. What is legal and proper to revoke probation should also be legal to charge a new criminal offense. *998 The trial court's denial of the motion to suppress was correct, and its decision should be affirmed. 334 So.2d at 581
Based on the explicit dicta in the majority opinion of Croteau, this court subsequently held that the exclusionary rule did not apply to probation revocation proceedings and illegally seized evidence was admissible therein. Kinzer, supra.
The precise holding in Grubbs, supra, was that a unilaterally imposed condition of probation requiring a probationer to submit to searches by any police officer at any time was violative of a probationer's constitutional rights. However, Justice Overton, writing for a unanimous five member panel of the court specifically discussed the use of evidence in probation violation proceedings. The discussion characterized the holding in Croteau as authorizing a probation officer to enter upon the living quarters of his probationer and to conduct a warrantless search, the fruits of which would be admissible in a revocation proceeding but not a criminal trial.
Justice Overton's discussion on the use of evidence in revocation proceedings refers to the federal decisions which hold that the exclusionary rule does not apply to revocation proceedings. Then the opinion appears to distinguish the federal law from the Florida law as follows:
Article I, section 12, of the Florida Constitution, prohibiting unreasonable searches and seizures, is more restrictive than its federal counterpart contained in the fourth amendment to the United States Constitution. The Florida Constitution provides:
The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated... . Articles or information obtained in violation of this right shall not be admissible in evidence.
The last sentence is an express constitutional exclusionary rule as distinguished from the federal rule which exists by case decision. As a consequence, in Florida for evidence derived from a search or seizure to be admissible in either probation revocation proceedings or a new criminal action, the evidence must be properly or reasonably obtained given the circumstances and the responsibilities of the probation supervisor or a law enforcement official who makes the search and seizure. 373 So.2d at 909
In my view this constitutes a rather express conclusion that evidence not properly or reasonably obtained would be inadmissible in a probation revocation proceeding. This view is strengthened by other language in the same discussion on the use of evidence in revocation proceedings which states that
The search of a probationer's person or residence by a probation supervisor without a warrant is, in our view, a reasonable search and absolutely necessary for the proper supervision of probationers. However, granting such general authority to law enforcement officials is not permissible under the search and seizure provisions of the Florida or United States Constitutions. 373 So.2d at 909
The test for admissibility then, under the Florida Constitution as construed in Grubbs, is not whether the evidence is being offered in a revocation proceeding or a criminal trial, but rather whether the evidence was "properly or reasonably obtained" under the circumstances.
As to the case at hand it is clear that the evidence was not obtained pursuant to a reasonable search. The record does not reflect that the arresting officer was even aware of the fact that appellant was on probation.[2] The fact of probation played no role in the search and there are no circumstances reflected in the record otherwise justifying a search. At the suppression hearing the state informed the trial judge that the evidence had already been suppressed *999 in the separate criminal proceedings involving the illegal drugs. Further, the state did not contest the fact that the search was unreasonable but rather contended only that the exclusionary rule did not apply to revocation proceedings. In short, everyone was in agreement in the proceedings below that the search was unreasonable and illegal. The only issue was the applicability of the exclusionary rule. The appellant took the position that Article I, Section 12 required exclusion of the evidence. Based on the decision in Croteau, supra, the trial court disagreed. But Justice Overton's statements in Grubbs quoted, supra, clearly appear to set out a different test requiring that the evidence be "reasonably obtained" before admission is authorized.
Even if the police officer knew that the appellant was a probationer, such fact would not render the search involved herein a reasonable one. To so hold would be to rule that whenever a known probationer is stopped for a traffic offense or any other legal infraction, however minor, he may also be subjected to a search. I do not believe that is a result envisioned by the court in Grubbs or by the drafters of Article I, Section 12. Rather, as Section 12 states and Justice Overton pointed out, evidence obtained as a result of an unreasonable search is not admissible in evidence. There are no limitations appearing on the words "in evidence," and in view of the Grubbs decision it would appear that articles unreasonably seized would not be admissible in evidence in any legal proceeding, including probation revocation proceedings.
NOTES
[1] See footnote [*], Hatchett, Justice, concurring, Croteau v. State, 334 So.2d 577, 580-581 (Fla. 1976).
[2] The officer was aware that appellant had been arrested and convicted some two years earlier.