SHARP, Judge.
Hunte appeals his conviction of possession of an illegal weapon (a short barrelled shotgun) contrary to section 790.221, Florida Statutes (1979). He also challenges the validity of “condition eleven” of the conditions of probation imposed by the court at sentencing. This condition required him to submit to a “search of your person, residence, or automobile, by any law enforcement officer or your probation officer without a search warrant.”
Hunte pled nolo contendere to the charges, reserving his right to appeal the denial by the trial court of his motion to suppress physical evidence-the shotgun. A police officer stopped Hunte because Hunte was driving a car with an expired license tag. While approaching Hunte’s car and talking with Hunte the officer saw what appeared to him to be a weapon under Hunte’s car seat, and sticking partially out in front of the seat. The officer testified it had a “squared stock with a rather rough looking hammer like on a pistol hammer.” He arrested Hunte, searched him, and then searched the car and obtained the shotgun. Clearly the search was incident to a lawful arrest,[1] and the weapon was in plain view.[2] The trial court’s denial of the motion to suppress was proper. Wigfall v. State, 323 So.2d 587 (Fla. 3d DCA 1975).
That part of the condition of probation which requires Hunte to submit to a warrantless search of his person, residence or car by anyone other than his probation officer is invalid. Grubbs v. State, 373 *38 So.2d 905 (Fla.1979); Jones v. State, 384 So.2d 956 (Fla. 5th DCA 1980); Wood v. State, 378 So.2d 110 (Fla. 5th DCA 1980); Smith v. State, 383 So.2d 991 (Fla. 5th DCA 1980).
That condition is hereby stricken.
In all other regards, the judgment is affirmed.
AFFIRMED in part.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.

. § 901.21(2), Fla.Stat. (1979).

. State v. Forrest, 305 So.2d 292 (Fla. 2d DCA 1974), cert. denied 325 So.2d 189 (Fla.1975). See also Stevens v. State, 354 So.2d 111 (Fla. 3d DCA 1978).