510 So.2d 652 (1987)
Jeffrey Jay COLBURN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2879.
District Court of Appeal of Florida, Second District.
July 31, 1987.
*653 James Marion Moorman, Public Defender, and A. Anne Owens, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Jeffrey Colburn appeals a condition of his probation requiring him to enroll in and successfully complete courses to obtain his Graduate Equivalency Diploma (GED).
Colburn pled guilty to burglary of a conveyance and petit theft. The court withheld adjudication and placed Colburn on five years probation. As a condition of probation he was ordered to enroll in and successfully complete courses to obtain a GED. Defense counsel objected to this condition as not reasonably related to the offenses of burglary and petit theft. Defense argued that Colburn was eighteen years old, had no prior criminal record and was working forty-eight hours weekly.
While conditions of probation are in the discretion of the sentencing judge pursuant to section 948.03, Florida Statutes (1985), the supreme court has held that they must be reasonably related to the offense committed and the rehabilitation of the offender. Grubbs v. State, 373 So.2d 905 (Fla. 1979). In Rodriguez v. State, 378 So.2d 7, 9 (Fla. 2d DCA 1979), this court held that a condition of probation is invalid if it (1) has no relation to the crime, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct not reasonably related to future criminal conduct.
Under these standards, the condition in Colburn's case is unenforceable. As defense counsel pointed out, compliance could even prove impossible. In imposing the condition over objection, the trial judge stated merely that it would be in the best interest of the defendant.
We therefore strike the condition of probation requiring Colburn to enroll in and successfully complete courses toward a GED but otherwise affirm the judgment and sentence.
RYDER, A.C.J., and PATTERSON, DAVID F., Associate Judge, concur.