560 So.2d 426 (1990)
In the Interest of J.C.S., a child.
No. 89-2244.
District Court of Appeal of Florida, Fourth District.
May 9, 1990.
*427 Richard L. Jorandby, Public Defender, B. Sue Foreman and Jill Hanekamp, Asst. Public Defenders, West Palm Beach, for appellant  J.C.S.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee  State.
GUNTHER, Judge.
We reverse the trial court's order of disposition adjudicating delinquency, placing J.C.S., a child, on community control and requiring restitution.
The trial court violated appellant's due process rights when it failed to advise appellant of his right to counsel at sentencing, in violation of Rule 8.290(a) and (b)(2), Rules of Juvenile Procedure (1989). See also B.I. v. State, 492 So.2d 824 (Fla. 2d DCA 1986).
Furthermore, the trial court erred in placing a condition on appellant's community control that forbade him to wear jewelry; the condition was unrelated to both his charges and rehabilitation. See Grubbs v. State, 373 So.2d 905 (Fla. 1975).
Additionally, the trial court erred in requiring appellant to pay restitution where the damage was not a result of appellant's conduct, as in State v. Williams, 520 So.2d 276 (Fla. 1988).
Therefore, the disposition order must be reversed.
REVERSED.
WALDEN and GARRETT, JJ., concur.