GRIFFIN, Judge,
dissenting.
The appellant, L.S., was adjudicated delinquent for possession of cannabis and sale of cocaine and was placed on community control under HRS supervision. HRS recommended and the trial court imposed, inter alia, the condition that L.S. not wear any jewelry.[1] When defense counsel objected to this condition of community control, the trial judge replied: “He’s not gonna even pretend that he’s in that business anymore.”
I believe this issue was correctly decided recently by the Fourth District Court of Appeal 'in In the Interest of J.C.S., 560 So.2d 426 (Fla. 4th DCA 1990). There the court held that a prohibition against the wearing of jewelry by a juvenile as a condition of community control was invalid because it did not meet the test of Grubbs v. State, 373 So.2d 905, 909 (Fla.1979). Grubbs requires the condition be related to the offense and provide a standard of conduct essential to rehabilitation, in addition to the protection of the public.[2] There is nothing in this record to indicate that jewelry was in any way connected with appellant or any of appellant’s crimes. According to the arrest affidavit, at the time of the sale appellant wore “red shorts with a white strip” and “a white tee shirt with yellow wrighting [sic] on it.” There is no mention of jewelry.
The requirement that a condition of community control be related to the offense cannot mean forbidding the wearing of an item of clothing, makeup, jewelry or other adornment that a given person might, correctly or incorrectly, associate with a particular crime. In the first place, it is not obvious that jewelry-wearing is more typical of drug dealers than of certain law-abiding groups. Even assuming most drug dealers wear gold jewelry, ceasing to wear gold jewelry in no way impairs the ability to sell drugs. There are certainly enough non-drug dealing males in our society who wear jewelry to make a weak connection *332 between not wearing jewelry and not selling drugs. A prohibition against wearing tee shirts as a condition of community control would at least have some record basis in this case, but the prohibition against wearing gold jewelry does not.
Selection of clothing, shoes, makeup and jewelry is a basic means of personal expression. There is not a great difference between forcing a probationer to wear certain clothing or symbols as a badge of shame and prohibiting the wearing of certain items. Applying the standards set out in Grubbs v. State and section 39.09(3)(g), Florida Statutes (1989), I cannot agree that a prohibition against wearing gold jewelry is an appropriate means of encouraging noncriminal behavior in a juvenile.

. The written order, consistent with the HRS recommendation, proscribes the wearing of all jewelry. The court’s oral pronouncement prohibits the wearing of gold jewelry.

. Unfortunately, the opinion in J.C.S. does not identify the offense with which the juvenile was charged but (applying the stereotype in reverse) it must have been a drug offense.