PARKER, Chief Judge.
Appellant, Jodi McClanahan, appeals her conviction for trafficking in methamphetamine and unlawful possession of a driver’s license, arguing that the trial court erred in denying her motion to suppress evidence. We agree and reverse because the warrant-less search of McClanahan’s residence did not meet the customary search and seizure standards established under article I, section 12 of the Florida Constitution.
At the time of the events giving rise to the present conviction, McClanahan was on probation for a 1991 conviction for trafficking in methamphetamine. One of the conditions of McClanahan’s probation was that she submit to warrantless searches of her person, premises, and vehicle.
In January 1995, McClanahan reported to Probation Officer Culp who asked her to submit to a urinalysis. McClanahan’s urine tested positive for amphetamines. At approximately the same time, an anonymous female called Officer Culp and stated that McClanahan had been using drugs. Officer Culp asked McClanahan to submit to a second urinalysis. This time the results were negative. However, Officer Culp found the results of the second test suspicious due to the manner in which the urine sample was provided.[1]
*931 In May 1995, Officer Culp received information from a confidential informant (Cl) that illegal drugs could be found in McClana-han’s residence. With the Cl’s information and the two prior urinalyses, Officer Culp decided to search McClanahan’s residence. She did not seek a search warrant. On May 11, 1995, Officer Culp searched MeClana-han’s residence and vehicle. Based on the evidence seized, Officer Culp filed a supplemental affidavit of violation of probation. In addition, the state filed an information charging McClanahan with: (1) trafficking in methamphetamine, (2) unlawful possession of a driver’s license, and (3) possession of a firearm by a convicted felon.
McClanahan filed a motion to suppress evidence. Following a hearing, the trial court denied the motion to suppress. Thereafter, McClanahan entered a plea of no contest to counts 1 and 2 of the information, and the state agreed to nolle prosse count 3. McClanahan also admitted to the violation of probation. McClanahan expressly reserved the right to appeal the denial of the disposi-tive motion to suppress.
For the violation of probation, the trial court sentenced McClanahan to a prison term followed by community control. On the new charges, which were based solely on the evidence seized during the search of McCla-nahan’s residence, the trial court sentenced McClanahan to two concurrent sentences of five years’ probation which were to follow the prison sentence imposed for the violation of probation.
This appeal focuses upon the denial of the motion to suppress as it relates to the charges alleged in the information. In denying McClanahan’s motion to suppress, the trial court relied on the Third District Court of Appeal’s decision in Soca v. State, 656 So.2d 536 (Fla. 3d DCA 1995). However, that decision was subsequently reversed by the supreme court in Soca v. State, 673 So.2d 24 (Fla.), cert. denied, — U.S. -, 117 S.Ct. 273, 136 L.Ed.2d 196 (1996). The supreme court reaffirmed its earlier decision in Grubbs v. State, 373 So.2d 905 (Fla.1979), stating:
This Court has held that a warrantless search of a probationer’s person or residence by a probation supervisor is valid to the extent that the evidence discovered in the search may be used in probation revocation proceedings. However, in Grubbs we expressly held that evidence obtained in a probationary search may not be admitted against the probationer in a separate criminal proceeding unless the search meets customary search and seizure standards established under article I, section 12 of the Florida Constitution.
Soca, 673 So.2d at 25 (citations omitted).
In this case, Officer Culp did not have a search warrant when she entered McClana-han’s residence. While a probation officer has the authority to enter a probationer’s residence without a warrant to observe the probationer’s lifestyle and look for probation violations, such authority cannot validate a warrantless search for the purpose of alleging new criminal charges. See Croteau v. State, 334 So.2d 577, 580 (Fla.1976). Pursuant to Grubbs and Croteau, the only way the evidence seized from McClanahan’s residence could be used against McClanahan in a new criminal proceeding was if Officer Culp’s search met customary search and seizure standards.
One well-established search and seizure standard is that “a warrantless entry must be justified by probable cause and exigent circumstances.” Mercier v. State, 579 So.2d 308, 308 (Fla. 2d DCA 1991); United States v. Burgos, 720 F.2d 1520, 1525 (11th Cir.1983). The record in this case is devoid of any exigent circumstances sufficient to justify the warrantless entry into MeClana-han’s residence.
Because Officer Culp’s search of the residence did not meet customary search and seizure standards, the evidence seized could only be used in a violation of probation hearing. We conclude that McClanahan’s motion to suppress should have been granted as it pertained to the separate criminal proceeding in Case No. CF95-2446A1.
Accordingly, we reverse McClanahan’s judgment and sentence in Case No. CF95- *932 2446A1 and remand this cause with directions to grant MeClanahan’s motion to suppress.
FULMER and NORTHCUTT, JJ., concur.

. Officer Culp testified that McClanahan “was not trying to give us the sample in the normal way. She was trying to force the sample.”