STONE, J.
We affirm Lawson’s conviction on the charge of possession of a firearm by a convicted felon. The trial court did not err in denying a motion to suppress firearms located during the search of Lawson’s home.
While Lawson was on community control for a separate offense, an administrative search of his home was initiated by Department of Corrections personnel. FDLE agent, Rick Caplano, and sheriffs office detectives were brought along to protect the safety of the DOC personnel during the initial administrative search, but at all times remained outside the residence during the administrative search.
During the administrative search, DOC personnel found bullets, a machete, and two safes. -One of the safes was recognized as a heavy duty gun safe of the type regularly used in gun stores. When the safes were found, the search was stopped and Caplano, along with Lawson’s community control officer, obtained a search warrant to search the contents of the safe.
The search of the safes, pursuant to the warrant, yielded rifles, portions of a sawed off shotgun, a .22 caliber rifle, a 20 gauge shotgun, a Ruger .22 caliber pistol, and a Marlin .25 caliber rifle.
Lawson recognizes that community control officers could lawfully conduct an administrative search, but argues that his Fourth Amendment rights were violated when Florida Department of Law Enforcement used information gained in the administrative search to obtain a search warrant and seize the various weapons.
The trial judge found that the search was properly conducted, no law enforcement officers entered Defendant’s home during the administrative search, the warrant was properly issued, and the searches, both the administrative search by DOC officers and the FDLE search *627 pursuant to the search warrant, were lawful and proper.
In Grubbs v. State, 373 So.2d 905 (Fla.1979), the supreme court recognized that a probationer does not “enjoy the same status as an ordinary citizen,” but has not completely forfeited the protections of the Fourth Amendment. Hence, the court held that evidence obtained in a warrant-less probationary search could not be used to substantiate a new criminal offense. See id. at 907.
The court, in Grubbs, stated:
(2) a warrantless search of a probationer’s person or residence by a probation supervisor is valid to the extent that the evidence discovered is used only in probation violation proceedings; (3) the use of evidence in a new criminal proceeding requires compliance with customary fourth amendment requirements although the opportunity to meet those requirements may be easier because the defendant is a probationer;....

Id.

In Soca v. State, 673 So.2d 24 (Fla.1996), where corrections officers conducted an administrative search of the probationer’s premises and, unlike this case, purposely chose not to seek a search warrant, the supreme court reaffirmed its holding in Grubbs and held that evidence seized therein could not be used against him in a separate criminal trial. The court, in Soca, also recognized that the state does have leeway in investigating suspected criminal activity by probationers, stating:
Apprised of this information, the probation supervisor may exercise his or her authority to search the probationer’s person or residence for evidence that the probationer is violating the terms of his probation. Should the probation supervisor discover such evidence, it can be used against the probationer in a probation revocation proceeding.
On the other hand, the State may choose to continue its investigation and attempt to secure a warrant to search the probationer’s residence in compliance with traditional search and seizure standards under article I, section 12 of the Florida Constitution. The state may also utilize the fact that the subject of its investigation is on probation as part of the circumstances establishing the probable cause necessary to secure a warrant.
Id. at 28. This approved procedure was followed here.
We, therefore, hold that where evidence observed during a valid administrative search is used by the state to obtain a search warrant, the fruits of a subsequent search pursuant to the warrant are legally seized and may be used to support a separate substantive charge. See Grubbs. Cf. New Jersey v. T.L.O., 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985)(contra-band found during school official’s lawful search of student’s purse held admissible).
WARNER, C.J. and DELL, J., concur.