STEVENSON, J.
In this case, John Reno appeals an order revoking his probation, challenging the denial of his motion to suppress contraband found during a search by his probation officer. The search of Reno’s home was conducted by his probation officer when she received information from the police that Reno may have been involved in a burglary of a home in the neighborhood. Although the information implicating Reno in the burglary amounted to little more than a mere suspicion, we agree with the trial court that the search passed constitutional muster since it was conducted in good faith within the scope of the probation officer’s supervisory duties authorized by state law. See Grubbs v. State, 373 So.2d 905 (Fla.1979) (holding that a war-rantless search of a probationer’s person or residence by a probation supervisor is valid to the extent that the evidence discovered in the search may be used only in probation revocation proceedings); see also Soca v. State, 673 So.2d 24 (Fla.1996) (noting that Florida’s probation statutes, unlike Wisconsin’s, contain no requirement that a probation officer’s search of a probationer be supported by “reasonable grounds” and, thus, distinguishing the holding in Griffin v. Wisconsin, 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987)).
We have considered the other arguments raised, but find no error. Accordingly, we affirm the revocation of probation which was based on contraband found during the search of Reno’s bedroom.
AFFIRMED.
GUNTHER and STONE, JJ„ concur.