DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GEORGE LEE BOWMAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-2514

[March 9, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; William L. Roby, Judge; L.T. Case Nos. 562017CF001938A and 562020CF001165A.

Carey Haughwout, Public Defender, and Elijah Giuliano, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

George Bowman appeals his resentencing and the denial of his second motion to correct sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). We reverse to strike a condition of probation and to correct some cost and scrivener's errors.

This case involves two sentences. In a 2017 case, Bowman entered a no contest plea to possession of cannabis over 20 grams, driving under the influence, fleeing and eluding, and reckless driving. He was sentenced to three years of probation. In a 2020 case, Bowman was charged with driving under the influence with priors, felony driving with license suspended, and refusal to submit to testing. The 2020 case resulted in violation of probation charges in the 2017 case.

In 2020, Bowman entered an open no contest plea to the charges in the 2020 case and admitted to violating his probation in the 2017 case. After some post-sentence motion practice, Bowman was sentenced to one year in the county jail in both cases, to run concurrently, followed by two years

of drug offender probation.  Significant for this appeal, both probation orders required Bowman to submit to random, warrantless searches by law enforcement officers: "[Y]ou will also be subject to random, warrantless searches and seizures of your person, then current location and/or residence, and of your vehicle by probation officers and/or law enforcement."

We first address Bowman's constitutional challenge to the probation condition that he submit to random, warrantless searches by law enforcement officers while on probation.  This condition is precluded by *Grubbs v. State*, 373 So. 2d 905, 910 (Fla. 1979).

In *Grubbs,* the Florida Supreme Court held that a condition of probation requiring a probationer "to consent at any time to a warrantless search by a law enforcement officer is a violation of article I, section 12, of the Florida Constitution, and the fourth amendment to the United States Constitution."  *Id.* at 910.  The Court explained that "[t]his type of condition, in the manner in which it was imposed, cannot properly establish authority to conduct a warrantless search in the absence of one of the traditional exceptions to the warrant requirement."  *Id.*  In reaching this conclusion, the Court recognized that a probationer "should be subject to certain reasonable restrictions on his living in an open society" and that "[b]y his or her conviction, the probationer has already demonstrated a need for supervised control."  *Id.* at 909.  However, the court drew a distinction between a warrantless search of a probationer by a probation officer and a warrantless search made by law enforcement officers:

> The search of a probationer's person or residence by a probation supervisor without a warrant is, in our view, a reasonable search and absolutely necessary for the proper supervision of probationers.  However, granting such general authority to law enforcement officials is not permissible under the search and seizure provisions of the Florida or United States Constitutions.

*Id.*  Thus, under *Grubbs,* an order of probation cannot require a probationer to submit at any time to warrantless searches by law enforcement officers other than his or her probation officer.

We reject the State's contention that *Grubbs* has been overruled by later cases of the United States Supreme Court.

2

"Both the federal and state constitutions prohibit the government from conducting unreasonable searches." *Harrell v. State,* 162 So. 3d 1128, 1130 (Fla. 4th DCA 2015) (citing Amend. IV, U.S. Const; Art. I § 12, Fla. Const.). "Under the conformity clause of article I, section 12 of the Florida Constitution, Florida courts 'are bound to follow the interpretations of the United States Supreme Court with respect to the Fourth Amendment[.]'" *Id.* (quoting *Soca v. State,* 673 So. 2d 24, 27 (Fla. 1996)) (footnote omitted). "However, when the United States Supreme Court has not previously addressed a particular search and seizure issue which comes before us for review, we will look to our own precedent for guidance." *Id.*

In *United States v. Knights,* 534 U.S. 112, 122 (2001), the Supreme Court approved of law enforcement searches of a probationer's home when supported by reasonable suspicion of criminal activity and authorized by a condition of probation. Applying a totality of the circumstances test, the Court held that a "warrantless search of [the probationer's home], supported by reasonable suspicion and authorized by a condition of probation, was reasonable within the meaning of the Fourth Amendment." *Id.* at 122. The court explained, "When an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable." *Id.* at 121.

*Knights* did not decide whether the search would have been permissible under the Fourth Amendment if it had been predicated solely on the condition of probation, without any reasonable suspicion. *Id.* at 120 n.6.

As the Second District has recognized, "*Grubbs* was superseded in part by . . . *Knights.*" *Hanania v. State,* 264 So. 3d 317, 323 n.2 (Fla. 2d DCA 2019) (citing *Bamberg v. State,* 953 So. 2d 649, 654 (Fla. 2d DCA 2007)). However, "[i]f law enforcement officers lack a reasonable suspicion to search, then *Knights* is inapplicable" and "[i]n that instance, *Knights* would not conflict with *Grubbs.*" *Bamberg,* 953 So. 2d at 654 n.4.

Here, the condition of probation authorizes random, warrantless searches and seizures by any law enforcement officer, without reasonable suspicion of criminal conduct, so the condition is unconstitutional under *Grubbs.*

*Samson v. California,* 547 U.S. 843 (2006), does not compel a different result. *Samson* held that "the Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee." *Id.* at

857.  *Samson* is not on point because the case concerned parolees, not probationers.

*Samson* recognized that, for Fourth Amendment analysis, a parolee is not the same as a probationer.  The Court observed that parolees have fewer expectations of privacy than probationers:

> As we noted in *Knights,* parolees are on the "continuum" of state-imposed punishments.  On this continuum, parolees have fewer expectations of privacy than probationers, because parole is more akin to imprisonment than probation is to imprisonment.

*Id.* at 850 (internal citation omitted).  Given this distinction between parolees and probationers, the *Grubbs* prohibition of random, suspicionless searches of probationers by law enforcement officers other than a probation officer remains in force.

On this issue, we remand with instructions to strike the condition of probation requiring Bowman to submit to a random, warrantless search, without reasonable suspicion, by law enforcement officers other than his probation officer.

We next address Bowman's argument regarding the costs and fine that were imposed as part of his original sentence.  In the 2020 case, Bowman was ordered to pay a $200.00 cost of prosecution, a $50.00 cost of investigation, and a $2,100.00 court fine.[1]  He subsequently filed his motion to correct sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), requesting, among other things, that the trial court correct the costs imposed.  The State filed a response conceding error regarding these costs and stating that an evidentiary hearing was necessary to address Bowman's other claims for resentencing.  The trial

---

[1] In Bowman's first rule 3.800(b)(2) motion, which was filed in both the 2017 case and the 2020 case, he did not specify that he was challenging the costs imposed in **both** cases.  Instead, he referred to a group of four costs (the $2,100 fine, the $200 cost of prosecution, the $50 cost of investigation, and the $418 in court costs), which were imposed in the 2020 case and he cited to the costs order entered in the 2020 case, but not the 2017 case.  Additionally, the State's response to the first rule 3.800(b)(2) motion attached the costs order from the 2020 case, but did not attach a costs order from the 2017 case.  On appeal, however, Bowman asserts that the court improperly imposed costs in **both** the 2020 case **and** the 2017 case.  Because Bowman did not appear to specifically challenge costs in the 2017 case, the relief granted herein is limited to the costs imposed in the 2020 case.

court subsequently entered a written order granting Bowman's request to strike the $2,100 fine, reduce the $200 cost of prosecution to the statutory minimum of $100, and strike the $50 cost of investigation. The order stated that "amendment of the final judgment for fines, fees, costs and additional charges *will occur after the hearing is concluded.*"

The trial court held an evidentiary hearing on Bowman's first rule 3.800(b)(2) motion, which then proceeded to a resentencing hearing. After the trial court pronounced its sentence, defense counsel reminded the court of the costs issue and renewed Bowman's request to strike the fine and costs. The court stated on the record that the $2,100 fine was "not part of the sentence," that it was striking the $50 cost of investigation, and that the cost of prosecution would be $100. However, the trial court's oral pronouncement was never reduced to an amended final judgment for fines, fees, and costs, despite the court previously indicating that such an order would be entered after the hearing.

Under these circumstances, we remand the case for entry of an amended written costs order reflecting the court's oral pronouncement. *See Diaz v. State*, 901 So. 2d 310, 311 (Fla. 2d DCA 2005) ("In the first [rule 3.800(b)(2)] motion, Diaz requested the trial court to strike the prosecution costs and the investigative costs in both cases for lack of express requests, with supporting documentation, by the specific agencies that incurred the costs. The trial court correctly granted relief . . . by entering an amended judgment and sentence omitting the prosecution costs and investigative costs that had appeared in the original judgment and sentence.").

The State suggests that an amended written order is not necessary because the original sentence became a nullity when the trial court entered the new sentence and did not order costs as part of that sentence. The State further argues that to the extent the costs order from the original sentence remains in effect, "it has been limited in writing by the trial court based on concessions by the State." Again, however, the appropriate remedy in this situation is to remand for the trial court to enter an amended final judgment for fines, fees, costs and additional charges, as it previously stated it would do. *See Diaz*, 901 So. 2d at 311 ("The trial court agreed that the cost should be stricken in both cases and entered a timely order granting the [second rule 3.800(b)(2)] motion. However, there is no indication in the record that the trial court entered amended judgments and sentences in accordance with its order. We remand for this purpose.").

Accordingly, we remand on this issue for the trial court to enter an amended final judgment for fines, fees, costs, and additional charges in

5

accordance with its order on the first rule 3.800(b)(2) motion and its subsequent oral pronouncement at the resentencing hearing.

Finally, we address Bowman's argument regarding scrivener's errors in the amended judgment.

Following his resentencing, Bowman filed his second rule 3.800(b)(2) motion, asserting that the amended judgment entered in the 2020 case incorrectly states the sections he was convicted of in count 1. Specifically, he asserted that (1) the amended judgment states he violated section 316.**0**93(1), when it should state that he violated section 316.**1**93(1), and (2) he pled to a violation of section 316.193(2)(b)**1.**, Florida Statutes, not section 316.193(2)(b)**3.** The court did not rule on the motion within sixty days, so the motion was deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B).

On appeal, the State agrees that the amended judgment entered in the 2020 case does not reflect the correct statute numbers under which Bowman was convicted because of two scrivener's errors.

First, the amended information charged Bowman with driving under the influence in violation of section 316.193(1), Florida Statutes, but the amended judgment states that Bowman was convicted of driving under the influence in violation of section 316.093(1). This was clearly a scrivener's error and the amended judgment should reflect a conviction under section 316.193(1).

Second, the amended information charged Bowman with violating section 316.193(2)(b), but the amended judgment states that he was convicted under section 316.193(2)(b)3. As the State notes, while the amended judgment is not inconsistent with a subsection set out in the information, it does not reflect the correct subsection to which Bowman pled. Section 316.193(2)(b)3. requires three prior convictions, whereas section 316.193(2)(b)1. requires two prior convictions, the last of which was within ten years of the instant offense. Here, the record reflects that Bowman pled to driving under the influence with two priors. Therefore, the amended judgment should reflect a conviction under section 316.193(2)(b)1.

Where, as here, there are scrivener's errors in the judgment, the proper remedy is to affirm the judgment, but remand the case for correction of the errors. *See, e.g., Hetrick v. State*, 539 So. 2d 31, 31–32 (Fla. 4th DCA 1989) (remanding for "correction of the offense statute number contained on the judgment to show the actual crime for which appellant was

6

convicted and sentenced"). We therefore affirm the amended judgment in the 2020 case, but remand with instructions for the trial court to correct the statute numbers to reflect the actual crime for which Bowman was convicted and sentenced on count 1.

*Affirmed in part, reversed and remanded in part for further proceedings consistent with this opinion.*

WARNER and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***