PER CURIAM.
Steward Stephens appeals the order denying his motion for postconviction relief and prohibiting him from filing any further pro se pleadings regarding eight of his cases. We affirm the denial of Stephens’ postconviction motion, although we point out that the trial court’s basis for denying it — that all the grounds raised were previously raised on direct appeal as evidenced by a pro se statement of judicial acts to be reviewed — is not only inadequate, but in this case is also factually inaccurate. While a defendant is procedurally barred from raising an issue in a postconviction motion that has been raised on direct appeal, see Cherry v. State, 659 So.2d 1069 (Fla.1995), a statement of judicial acts to be reviewed is not sufficient to demonstrate what issues were in fact raised on appeal.
We reverse the portion of the trial court’s order prohibiting Stephens from filing any further pro se pleadings. While we have upheld such orders under appropriate circumstances, see, e.g., Huffman v. State, 693 So.2d 570 (Fla. 2d DCA 1996), we believe that the cut-off order in this case was premature.
Affirmed in part; reversed in part; and remanded.
BLUE, A.C.J., and GREEN and CASANUEVA, JJ„ Concur.