PER CURIAM.
William Colt Pippin appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.800(a). We reverse.
Pippin filed a rule 3.800(a) motion in the trial court alleging errors in the scoring of his guidelines scoresheet which resulted in an illegal sentence. Appellant alleges that the errors are evident from the face*of the record. The trial court denied the motion on the basis that Pippin had filed previous postconviction motions which raised the same sentencing issues and had been denied on the merits, thereby precluding the rule 3.800(a) motion under the law of the case doctrine. See Nicewonder v. State, 698 So.2d 376, 377 (Fla. 1st DCA 1997). The trial court attached copies of its denials of Pippin’s previous motions.
The trial court’s previous denials do not sufficiently set out the sentencing issues Pippin previously challenged, nor does the trial court attach any portion of the record to refute Pippin’s claims of an illegal sentence in the instant motion. Further, Pippin specifically alleges that he entered a plea with the understanding he would receive a guidelines sentence. The previous denials of Pippin’s requests for relief refer to other scoresheet errors and that appellant entered into a plea agreement. The trial court did not attach any documentation which would indicate the terms of the plea or that these specific claims had previously been raised and denied.
That portion of Pippin’s motion alleging that his guidelines scoresheet demonstrates his primary offense of burglary with a weapon was improperly calculated as a level nine offense instead of a level eight offense meets the pleading requirements of Baker v. State, 714 So.2d 1167 (Fla. 1st DCA 1998). Section 921.0012, Florida Statutes, classifies burglary with a weapon as a level eight offense.
We therefore reverse the denial of Pippin’s rule 3.800(a) motion and remand with directions to either grant Pippin’s motion or attach portions of the record which conclusively show that Pippin has previously raised the same issues and has been denied on the merits or which conclusively refute Pippin’s claims of an illegal sentence.
Reversed and remanded.
WOLF, WEBSTER and LAWRENCE, JJ., concur.