PER CURIAM.
Vincent James Nastri appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse.
Nastri asserts that he was on probation for an aggravated battery conviction; he subsequently entered a plea of guilty to a technical violation of that probation. Nas-tri asserts that, based on the sentencing guidelines, the court accepted the plea and sentenced him to ninety-six months in prison. He contends that his sentence is illegal due to scoresheet errors apparent from the face of the record which concern the assessment of points for victim injury, legal status, and release program violations.
With respect to the assessment of victim injury points, Nastri contends that points were assessed for both severe and moderate levels of injury. He argues that because there was only one conviction against him for aggravated battery, there can only be one assessment of victim injury points and therefore his scoresheet contains an additional eighteen points that it should not. Although inartfully worded, Nastri’s motion also contends that the assessment of four points for a legal status *356 violation and six points for a release program violation, both based on a single technical violation of probation, was erroneous. He asserts that once these improperly assessed points are deducted, he falls within a lower’ permitted sentencing range than ninety-six months. These allegations state facially sufficient claims for relief. See Pippin v. State, 765 So.2d 751 (Fla. 1st DCA 2000)(reversing summary denial of rule 3.800(a) motion alleging scoresheet errors even though appellant had entered a plea where he alleged said plea was entered with the understanding he would receive a guidelines sentence); Speer v. State, 784 So.2d 454, 454 (Fla. 4th DCA 1999) (holding if appellant “pled guilty on the condition that he would receive a guidelines sentence, and that sentence was the product of miscalculations, then he would be entitled to relief’ under rule 3.800(a)).
The trial court denied relief on Nastri’s first claim finding that Nastri had been convicted of aggravated battery on two persons even though both victims were named in a single count. The trial court concluded that, under these circumstances, victim injury points could be assessed for both persons. The trial court denied Nas-tri’s second claim based on its conclusion that the four points assessed for legal status were appropriate. The court did not address Nastri’s argument that the assessment of points for both a program release violation and a legal status violation for a single technical violation of probation was improper. Instead, the court, after using the phrases “parole release” and “violation of probation” interchangeably, concluded that the assessment of four points for a legal status violation was appropriate for any violation of probation.
The trial court, however, attached nothing to its order to support its rulings. For example, it did not attach Nastri’s judgments and sentences. Moreover, it attached nothing to demonstrate the number of victims or counts involved in the underlying aggravated battery offense. Without such information, we are precluded from meaningfully reviewing Nastri’s claims and the trial court’s ruling on them. See Speer, 734 So.2d at 454 (holding failure of trial court to attach pertinent information upon which it relied to deny appellant’s rule 3.800(a) motion precluded meaningful review by appellate court).
We accordingly reverse and remand either for attachment of those portions of the record which conclusively show that Nastri is not entitled to relief or for further proceedings in accordance with this opinion.
Reversed and remanded.
CAMPBELL, A.C.J., and THREADGILL and SALCINES, JJ., Concur.