PER CURIAM.
The appellant challenges the trial court’s summary denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand with instructions.
The appellant claims that his sentence is illegal because of numerous scoresheet errors. His claims appear to have merit, since his 90-month sentence exceeds the statutory maximum for the third-degree felonies to which he pled. The trial court denied the motion on the basis that the appellant’s claims were successive. However, the record reveals that the appellant’s prior motion raising these claims was denied procedurally, and not on the merits. As the trial court’s prior disposition of these issues was procedural, the present motion is not successive. See Pippin v. State, 765 So.2d 751, 752 (Fla. 1st DCA 2000). Because the appellant’s claims are apparent on the face of the record, we reverse and remand for the trial court to either address the merits of the appellant’s motion or to refute the appellant’s claims with record attachments. See State v. Mancino, 705 So.2d 1379, 1381 (Fla.1998).
We note that the state may be entitled to withdraw from this negotiated plea and proceed to trial on the original charges. See Latiif v. State, 787 So.2d 834, 837 (Fla.2001).
REVERSED AND REMANDED.
MINER and LEWIS, JJ„ concur; BENTON, J., dissents without written opinion.