ALTENBERND, Chief Judge.
Tavares Clark appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without comment as to claims one, three, and four of Mr. Clark’s motion and reverse as to claim two.
In claim two, Mr. Clark alleges that trial counsel was ineffective for failing to file a motion to suppress his confession, which was obtained in violation of his Miranda[1] rights. The trial court denied the claim, concluding it had been raised on direct appeal, and attached the statement of judicial acts to be reviewed to support this conclusion. However, the trial court’s reliance on the statement of judicial acts to be reviewed to document the actual issues raised on appeal was inadequate. Stephens v. State, 738 So.2d 965 (Fla. 2d DCA 1999). Moreover, an ineffective assistance of counsel claim for failure to file a motion to suppress is not the type of issue that normally can be raised and reviewed on direct appeal. Corzo v. State, 806 So.2d 642 (Fla. 2d DCA 2002).
Mr. Clark stated a legally sufficient claim for relief, which was not conclusively refuted by the record. Savage v. State, 832 So.2d 807 (Fla. 2d DCA 2002). Accordingly, we reverse the trial court’s order on this claim. On remand, the trial *1009 court shall either attach those portions of the record that conclusively refute the claim or conduct an evidentiary hearing to determine whether Mr. Clark’s counsel was ineffective for failing to file a motion to suppress. Rodriguez v. State, 892 So.2d 510 (Fla. 2d DCA 2004).
NORTHCUTT and CASANUEVA, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).