920 So.2d 111 (2006)
Dwayne McNAIR, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-3647.
District Court of Appeal of Florida, First District.
January 24, 2006.
Appellant, pro se.
Charlie Crist, Attorney General; Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
*112 PER CURIAM.
Appellant challenges the trial court's order summarily denying his motion alleging his sentence is illegal, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because appellant has stated a facially sufficient claim that his habitual sentence is illegal as one of his predicate felonies was committed after the instant felony and as the trial court's record attachments do not conclusively refute appellant's claim, we reverse.
Appellant was convicted of armed robbery (two counts) and armed burglary (one count) and was sentenced concurrently as a habitual felony offender to twenty-five years' imprisonment with three years' mandatory minimum for each offense. Appellant alleges that his predicate convictions were not sequential as one of the predicates was committed after the instant offense.
Where it can be shown that the appropriate predicate felonies do not exist as a matter of law from the face of the record, a habitualization can be challenged through a rule 3.800(a) motion. Bover v. State, 797 So.2d 1246, 1248-49 (Fla.2001). Section 775.084(1)(a)1., Florida Statutes (1995), requires two or more predicate felonies as a prerequisite to habitualization. Therefore, if the trial court relied on a felony that occurred after the instant offenses, appellant's habitual sentences are illegal.
The trial court improperly denied appellant's motion as successive as the record does not conclusively refute appellant's claim. See Griffis v. State, 819 So.2d 253, 254 (Fla. 1st DCA 2002); Clark v. State, 898 So.2d 1008, 1008-09 (Fla. 2d DCA 2005). We, therefore, reverse the summary denial of appellant's claim that his habitual sentence is illegal and remand for the attachment of record portions conclusively refuting his claim or resentencing. On remand, if resentencing is required and if appellant did not object to the habitual offender sentence on the basis that he lacked requisite prior sequential convictions at the time his habitual offender sentence was imposed, the State should have the opportunity to present evidence that other prior convictions existed that would satisfy the sequential conviction requirement. See Bover, 797 So.2d at 1251.
Appellant's claim based on Heggs v. State, 759 So.2d 620 (Fla.2000), is affirmed. However, in the event appellant is resentenced under the guidelines, we note that the 1994 guidelines apply. See Trapp v. State, 760 So.2d 924 (Fla.2000).
REVERSED in part, AFFIRMED in part, and REMANDED.
KAHN, C.J., LEWIS and POLSTON, JJ., concur.