SCHEB, Acting Chief Judge.
The defendant, Tyrone M. Talley, pled nolo contendere to burglary and petit theft following the partial denial of his motion to suppress. He specifically reserved the right to appeal the denial and, accordingly, filed the instant appeal. We reverse.
The evidence at the hearing on the motion to suppress revealed that at 4:00 a.m. on March 15, 1989, an Avon Park police officer discovered a recent burglary and theft of several rolls of change from Carl’s Diner. The eook at a nearby restaurant told the officer that, during the past few hours, the defendant and a companion had paid for a meal at the restaurant with change and had played video games requiring coins at a nearby Circle K store. The officer testified that this information made him suspect the defendant was involved in the theft because he knew the defendant was “down on his luck” and living in a friend’s treehouse, making it unlikely he would legally possess a lot of money. He summoned another officer, and they went *636 to the treehouse about 4:55 a.m. They conducted a warrantless search and asked the defendant and his companion to empty their pockets. The search of the defendant revealed a pocketful of dimes. After receiving inconsistent statements from the two suspects, the officers asked them to come to the station, which they did. Once there, the defendant was read his Miranda warnings, and around 5:80 a.m., he confessed.
The defendant’s motion to suppress attacked both the coins and his confession. The trial judge held that the officers lacked probable cause to justify the search and, accordingly, suppressed the coins. Nevertheless, he admitted the confession into evidence. The defendant now assails that ruling. We agree that it was error.
Despite the court’s ruling, the state contends there was probable cause to conduct the search. However, we think the trial court correctly found that the search was illegal. Moreover, the state did not appeal the court’s suppression of the coins.
We turn now to the defendant’s confession, which was elicited soon after and pursuant to an interrogation based on the fruits of the illegal search. Once the court determined the search was illegal, the defendant had established a prima facie case showing that his confession was tainted and should be suppressed. Delap v. State, 440 So.2d 1242 (Fla.1983). It then became the prosecution’s burden to prove that the illegal seizure of the coins was not the sole effective cause of the confession. Id.
The state contends that it satisfied its burden by showing that before his confession the defendant was completely instructed as to his Miranda rights. It argues that the Miranda warnings were an intervening independent act which broke any connection between the unlawful search and the confession. It further argues that regardless of the coins’ discovery, there existed sufficient evidence to justify the officers’ bringing the defendant to the station for questioning. We disagree.
Miranda warnings do not per se cure a Fourth Amendment illegal search or seizure which leads to a confession. Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). Further, there was no other intervening circumstance between the unlawful seizure and the defendant’s confession to attenuate the connection. Indeed, there was barely time for such an occurrence since the defendant’s confession was obtained within approximately thirty minutes of the illegal search.
Brown is analogous. There, Brown’s confession was suppressed because it followed within two hours of an illegal search and the only significant event occurring between the search and confession was the reading of Miranda rights. In contrast, we distinguish Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), where a confession, elicited after an illegal arrest, was deemed admissible because the defendant returned to confess following his release on his own recognizance. Unlike in Wong Sun, in the instant case, there was no such attenuation of the illegally-initiated course of events that occurred before the defendant’s confession.
Finally, we reject the state’s contention that there existed sufficient evidence for questioning the defendant apart from the illegally seized coins. We think the state’s reliance on Delap is misplaced because in Delap, the multiple witnesses and other circumstances which prompted the investigation would have provided a sufficient basis for questioning regardless of the illegal search. Here, the coins were the incriminating items, and while the cook’s statements properly prompted an investigation, it was the highly incriminating evidence of the coins which led the police to transport the defendant to the station for questioning.
Accordingly, we reverse that part of the trial court’s order which denied the defendant’s motion to suppress his confession.
RYDER and FRANK, JJ., concur.