699 So.2d 320 (1997)
STATE of Florida, Appellant,
v.
Timothy J. HUNTON, Appellee.
No. 96-04530.
District Court of Appeal of Florida, Second District.
September 19, 1997.
*321 Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for appellant.
Dennis J. Rehak, Fort Myers, for appellee.
FULMER, Judge.
The State has appealed the trial court's order granting Timothy J. Hunton's motion to suppress physical evidence seized from his house. We affirm the trial court's oral rulings and remand for entry of a corrected order which conforms to those rulings.
A detailed recitation of the facts is unnecessary. The issues about which the parties disagreed and upon which the trial court ruled were: (1) whether Hunton initially consented to the law enforcement officers' search of his house excluding the bedroom, and (2) whether, after that search, Hunton voluntarily consented to a search of the bedroom.
After hearing testimony at the suppression hearing, including an audio tape of the conversations between Hunton and the officers during the search process, the trial judge stated that he would not suppress the initial contraband which the officers found in the main portion of the house, "but when the defendant said get a warrant, and I heard him clearly on the tape say that, and a warrant was not obtained and they seized the stuff, they should have gotten one; in other words, I'm suppressing that." The written order, however, grants Hunton's motion to suppress without making any exception for the evidence discovered in the initial search.
A trial court's ruling on a motion to suppress comes to the reviewing court "clothed with a presumption of correctness, and the reviewing court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustain the trial court's ruling." Owen v. State, 560 So.2d 207, 210 (Fla.1990); Hart v. State, 661 So.2d 54 (Fla. 2d DCA 1995). In this case, the record contains evidence to support the trial court's rulings on both issues involved in the motion to suppress.
On appeal, the State not only argues the issue of consent but also argues that the doctrine of inevitable discovery should be applied to reverse the trial court's ruling. "Except in cases of fundamental error, appellate courts will not consider an issue that has not been presented to the lower court in a manner that specifically addresses the contentions asserted." Nevels v. State, 685 So.2d 856, 857 (Fla. 2d DCA 1995) (citations omitted).
Accordingly, we affirm the trial court's conclusions announced at the suppression hearing, but remand for entry of a corrected written order to conform to the court's oral rulings.
CAMPBELL, A.C.J., and PATTERSON, J., concur.