SILBERMAN, Judge.
Benjamin Rodriguez appeals the denial of his motion alleging ineffective assistance of counsel, filed pursuant to Florida Rule of Criminal Procedure 3.850. Rodriguez was originally charged with second-degree murder and felon in possession of a firearm. Pursuant to a negotiated plea, Rodriguez pleaded guilty to the felon in possession charge in exchange for the State’s agreement to drop the second-degree murder charge. In his motion, Rodriguez raised three claims alleging ineffective assistance of counsel. We affirm, without comment, as to claim one and reverse as to the remaining two claims.
In claim two, Rodriguez alleged that trial counsel was ineffective for failing to file a motion to suppress evidence. He asserted that the police conducted an illegal search of the truck he was driving and that the firearm was the product of that search. He contended that counsel knew consent had not been given for the search *511 and that if counsel had filed a motion to suppress the firearm would have been suppressed and he would not have pleaded guilty to the charge. In denying the claim, the trial court attached the probable cause arrest affidavit that indicated Rodriguez had admitted to being a convicted felon after being read his Miranda[1] rights. On that basis, the trial court concluded that Rodriguez had not alleged a' valid basis to show that a motion to suppress would have been granted.
Rodriguez stated a legally sufficient claim for relief, and the probable cause affidavit does not conclusively refute the claim. See Flowers v. State, 793 So.2d 36, 36-37 (Fla. 2d DCA 2001) (concluding that the probable cause affidavit did not conclusively refute the claim and if counsel had filed a motion to suppress the trial court would have had to determine the issue of consent to the search). Accordingly, we reverse the trial court’s order on this issue. On remand, the trial court shall either attach those portions of the record that conclusively refute the claim or conduct an evidentiary hearing to determine whether Rodriguez’s counsel was ineffective for failing to file a motion to suppress.
In claim three, Rodriguez alleged that trial counsel was ineffective for failing to call witnesses during his sentencing hearing to rebut the State’s witnesses. According to Rodriguez, the State called two members of the victim’s family, who were not present at the shooting and gave harmful, emotional testimony concerning Rodriguez’s shooting the victim. Rodriguez asserted that he told counsel of several witnesses who were present at the time of the shooting and could testify that Rodriguez shot the victim in self-defense.
Rodriguez claimed that he was prejudiced by counsel’s failure to call these witnesses because their testimony would have negated the adverse effects of the testimony provided by the victim’s family. Rodriguez stated that because of the family’s testimony, the trial court sentenced him to the statutory maximum even though he scored a nonprison sentence. He asserted that had the trial court heard from Rodriguez’s witnesses, it would have imposed a lesser sentence. In denying the claim, the trial court concluded that because self-defense was not an affirmative defense to felon in possession of a firearm, Rodriguez could not establish any prejudice stemming from counsel’s failure to call witnesses.
It is not clear from the record whether Rodriguez was, in fact, prejudiced by counsel’s failure to call witnesses to testify on his behalf at sentencing. Although the trial court denied relief on the basis that self-defense was not pertinent, the court did not address Rodriguez’s actual claim that the testimony would have impacted sentencing. Therefore, we reverse and remand for the trial court to either attach those portions of the record that conclusively refute this claim or to conduct an evidentiary hearing to determine whether trial counsel was ineffective for failing to call the witnesses to rebut the testimony of the victim’s family.
Affirmed in part, reversed in part, and remanded.
CANADY and VILLANTI, JJ., Concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).