953 So.2d 649 (2007)
Tony BAMBERG, a/k/a Tony William Bamberg, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-4769.
District Court of Appeal of Florida, Second District.
March 30, 2007.
*650 James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Tony Bamberg appeals the trial court's order that revoked his probation and his resulting sentence of five years in prison. On appeal, Mr. Bamberg challenges the trial court's order denying his motion to suppress incriminating statements that he made and physical evidence that law enforcement officers seized during a warrantless search of his residence. Because the warrantless search of Mr. Bamberg's residence was based on a reasonable suspicion of criminal activity, the trial court correctly concluded that it did not matter whether law enforcement officers had conducted the search for probationary or investigatory purposes. Accordingly, we affirm.

Facts and Procedural History
In October 2003, Mr. Bamberg pleaded nolo contendere to the offense of felony petit theft. The trial court adjudged Mr. Bamberg to be guilty and placed him on probation for eighteen months. The terms of Mr. Bamberg's probation included the following pertinent condition:
39) You shall submit your person, property, place of residence, vehicle or personal effects to a warrantless search at any time, by any probation or community control Officer or any law enforcement Officer.
Such a condition is sometimes referred to as a "warrantless search condition" or a "Fourth waiver." In January 2005, the trial court extended the term of Mr. Bamberg's probation for an additional six months.
In April 2005, two Polk County detectives were conducting a narcotics investigation in Bartow. The detectives received a tip from a confidential informant that Mr. Bamberg was selling methamphetamine at his residence. One of the detectives contacted a probation officer and learned that the terms of Mr. Bamberg's *651 probation included a warrantless search condition. Armed with this information, the detectives went to Mr. Bamberg's residence to conduct a search. The detectives did not obtain a warrant, and they were not accompanied by a probation officer.
At the residence, Mr. Bamberg greeted the detectives at the door. The detectives informed him that they were there to conduct a warrantless search for drugs in accordance with the applicable condition of his probation. The detectives also read Mr. Bamberg a Miranda[1] warning from a card. At the conclusion of these preliminaries, Mr. Bamberg led the detectives to his bedroom where they discovered a quantity of methamphetamine and drug paraphernalia. Upon the discovery of these items, Mr. Bamberg made several incriminating statements to the detectives and he was placed under arrest.
As a result of this incident, the State filed several new charges against Mr. Bamberg and also sought to revoke his probation. Mr. Bamberg filed motions to suppress the evidence seized during the search of his residence and his incriminating statements in both the new law violation case and in the proceedings for the revocation of his probation. We are concerned here only with the revocation of probation proceeding.
After a hearing on the motion, the trial court entered a detailed written order with findings of fact and conclusions of law.[2] In the order, the trial court found that the search of Mr. Bamberg's residence by the detectives was based on a reasonable suspicion:
The detectives in the present case had trustworthy information that the defendant was engaged in the sale of controlled substances at the residence. They had [an] individualized, reasonable suspicion that the probationer was in possession of drugs at the premises.
The trial court framed the legal issue before it as follows: "[C]an the warrantless search condition be utilized by any law enforcement officer within her or his jurisdiction without the presence of a corrections probation officer?" The trial court answered this question in the affirmative, concluding that "[f]rom a constitutional point of view, it matters not that the search was conducted by a deputy rather than a corrections officer." Based on this conclusion and its finding that the detectives had reasonable suspicion to conduct the search, the trial court denied Mr. Bamberg's motion to suppress.

Mr. Bamberg's Arguments
On appeal, Mr. Bamberg makes two points. First, he argues that the type of search authorized by the warrantless search condition in his probation order was limited to a search made in the course of supervising the probationer, i.e., a search conducted for a probationary purpose. According to Mr. Bamberg, the challenged search was not authorized by the probation condition and was unreasonable under the Fourth Amendment because it was performed by law enforcement officers who came to his residence to conduct an independent investigation. In support of this argument, Mr. Bamberg relies primarily on the decisions in Grubbs v. State, 373 So.2d 905 (Fla.1979), and Soca v. State, 673 So.2d 24 (Fla.1996). Second, Mr. Bamberg claims that the State failed to establish that the detectives had a reasonable suspicion to conduct the search of his residence. *652 We accept the trial court's finding that the detectives had a reasonable suspicion to conduct the search because Mr. Bamberg did not argue to the contrary in the trial court. We write only to address his first point.

The Standard of Review
We employ a mixed standard of review in considering the trial court's ruling on Mr. Bamberg's motion to suppress. The trial court's determination of historical facts enjoys a presumption of correctness and is subject to reversal only if not supported by competent, substantial evidence. However, the trial court's determination on mixed questions of law and fact and its legal conclusions are subject to de novo review. See Ornelas v. United States, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); Connor v. State, 803 So.2d 598, 608 (Fla.2001); E.B. v. State, 866 So.2d 200, 202 (Fla. 2d DCA 2004).

Discussion
Our supreme court's decision in Grubbs does support Mr. Bamberg's argument that an investigatory search of a probationer by a law enforcement officer violates the Fourth Amendment even if the probationer is subject to a warrantless search condition. In Grubbs, the court was called upon to answer the following certified question: "Is a condition of probation requiring a probationer to consent to a search at any time, by any law enforcement officer, violative of the probationer's rights under the Fourth Amendment of the United States Constitution or Article I, Section 12, of the Florida Constitution?" 373 So.2d at 906. The court answered this question in the affirmative. Id. at 910. In its opinion in Grubbs, the court drew a distinction between a warrantless search of a probationer made by a probation officer for the purpose of supervising the probationer and a search made by law enforcement officers unrelated to any supervisory purpose:
The search of a probationer's person or residence by a probation supervisor without a warrant is, in our view, a reasonable search and absolutely necessary for the proper supervision of probationers. However, granting such general authority to law enforcement officials is not permissible under the search and seizure provisions of the Florida or United States Constitutions.
Id. at 909. Thus, under Grubbs, a warrantless search of a probationer for supervisory purposes satisfies the Fourth Amendment's test of reasonableness, but a warrantless search conducted by law enforcement officers for investigatory purposes does not.
In Grubbs, the court also held that "a warrantless search of a probationer's person or residence by a probation supervisor is valid to the extent that the evidence discovered is used only in probation violation proceedings" and that "the use of seized evidence in a new criminal proceeding requires compliance with customary fourth amendment requirements although the opportunity to meet those requirements may be easier because the defendant is a probationer." Id. at 907. The court relied on this holding in Grubbs in the case of Soca, 673 So.2d 24. In Soca, an investigator from the state attorney's office contacted a probation supervisor and requested a search of the probationer's residence. Id. at 25. The probationer's supervising officer and the investigator went to the probationer's residence where the probation officer conducted a warrantless search. Id. The search resulted in the discovery of cocaine. Id. The investigator testified at a subsequent hearing that he had "consciously decided not to seek a warrant from a neutral magistrate but *653 rather to have the probation authorities conduct the search." Id.
The State filed new charges against the probationer in Soca for possession of cocaine. Id. The probationer filed a motion to suppress. Id. Although the probationer conceded that the evidence could be used against him in probation revocation proceedings, he argued that the warrantless search barred the use of the evidence against him in the new criminal proceeding. Id. Our supreme court agreed, holding that "under Grubbs the evidence obtained in the probationary search of [the probationer's] trailer is not admissible against him in a new criminal proceeding." Id. at 28. In its opinion in Soca, the court reaffirmed its analysis in Grubbs and rejected the State's argument that Grubbs had been effectively overruled by several decisions of the United States Supreme Court. Id. at 27. Thus, if Grubbsas reaffirmed by Socaremains binding on us, we would be required to conclude that the trial court erred in denying Mr. Bamberg's motion to suppress because the search of Mr. Bamberg's residence was not conducted by his probation officer or for probationary reasons.
In response to Mr. Bamberg's argument for reversal based on Grubbs and Soca, the State urges affirmance based on United States v. Knights, 534 U.S. 112, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001). In Knights, a probationer's conditions of probation included a provision authorizing a warrantless search by a probation officer or law enforcement officer. Id. at 114, 122 S.Ct. 587. A sheriff's deputy conducted a warrantless search of the probationer's residence and discovered incriminating evidence. Id. at 114-15, 122 S.Ct. 587. After the probationer was indicted, he moved to suppress the evidence obtained during the search of his residence. Id. at 116, 122 S.Ct. 587. The district court found that the sheriff's deputy had "reasonable suspicion" to conduct the search. Id. Nevertheless, the district court "granted the motion to suppress on the ground that the search was for `investigatory' rather than `probationary' purposes." Id. The Ninth Circuit affirmed the district court's ruling. United States v. Knights, 219 F.3d 1138 (9th Cir.2000).
The United States Supreme Court reversed the Ninth Circuit's judgment. The Court explained its reasoning:
Although the Fourth Amendment ordinarily requires the degree of probability embodied in the term "probable cause," a lesser degree satisfies the Constitution when the balance of governmental and private interests makes such a standard reasonable. Those interests warrant a lesser than probable-cause standard here. When an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable.
Knights, 534 U.S. at 121, 122 S.Ct. 587 (citations omitted). Thus the Court held that "the warrantless search of [the probationer], supported by reasonable suspicion and authorized by a condition of probation, was reasonable within the meaning of the Fourth Amendment."[3]Id. at 122, 122 S.Ct. 587.
Although Mr. Bamberg argues on appeal that the detectives did not have *654 the reasonable suspicion required by Knights to search his residence, he did not make this argument in the trial court. Therefore, this issue was not preserved for our review. See Tillman v. State, 471 So.2d 32, 35 (Fla.1985); State v. Hunton, 699 So.2d 320, 321 (Fla. 2d DCA 1997). Accordingly, we consider only Mr. Bamberg's first argument: that the search of his residence was unreasonable because it was made for an investigatory purpose.
However, the holding in Knights is fatal to Mr. Bamberg's position. The Knights court specifically rejected the distinction between searches of probationers made for a "probationary" purpose and searches made for an "investigatory" purpose. Id. at 116-18, 122 S.Ct. 587. The Court explained:
Because our holding rests on ordinary Fourth Amendment analysis that considers all the circumstances of a search, there is no basis for examining official purpose. With the limited exception of some special needs and administrative search cases, [citation omitted] "we have been unwilling to entertain Fourth Amendment challenges based on the actual motivations of individual officers." Whren v. United States, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).
Id. at 122, 122 S.Ct. 587. Thus, if we follow Knights, we must conclude that the trial court correctly denied Mr. Bamberg's motion to suppress.
On the issue before us, where law enforcement officers have reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, Knights appears to be in irreconcilable conflict with Grubbs.[4] We look to the conformity clause contained in article I, section 12 of the Florida Constitution to resolve this conflict. Under the conformity clause, "[t]he right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures" is to "be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court." Evidence seized in violation of the right guaranteed by article I, section 12 of the Florida Constitution "shall not be admissible in evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the 4th Amendment to the United States Constitution." Thus this court is "bound, on search and seizure issues, to follow the opinions of the United States Supreme Court regardless of whether the claim of an illegal arrest or search is predicated upon the provisions of the Florida or United States Constitutions." State v. Butler, 655 So.2d 1123, 1125 (Fla.1995).
In accordance with the command of the conformity clause, we conclude that Knights controls the disposition of this case. Accordingly, we affirm the order revoking Mr. Bamberg's probation and his sentence. To the extent that Grubbs and Soca suggest a contrary result, those cases have been superseded by Knights. See State v. Yule, 905 So.2d 251, 263-64 (Fla. 2d DCA 2005) (Canady, J., specially concurring).
Affirmed.
FULMER, C.J., and VILLANTI, J., Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] We commend the trial court for the thorough and thoughtful order that it entered in this matter. The trial court's order has facilitated this court's review of this case.
[3] According to the Knights court, a probationer has a reduced expectation of privacy because "the probationer `is more likely than the ordinary citizen to violate the law.'" 534 U.S. at 120, 122 S.Ct. 587 (quoting Griffin v. Wisconsin, 483 U.S. 868, 880, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987)). Specifically, the probationer's propensity to recidivism justifies a greater intrusion into the probationer's privacy than into the privacy of an ordinary citizen. Id. at 118-21, 122 S.Ct. 587.
[4] If law enforcement officers lack a reasonable suspicion to search, then Knights is inapplicable. In that instance, Knights would not conflict with Grubbs.