985 So.2d 578 (2008)
Gustave BENYA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4636.
District Court of Appeal of Florida, Fourth District.
April 23, 2008.
Rehearing Denied July 29, 2008.
Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
We affirm the revocation of probation, and in so doing uphold the trial court's determination that the search by police was not improper.
The probation order here provided for warrantless searches of the probationer's residence without probable cause. Police received information from a confidential informant that the probationer was in possession of illegal drugs and a firearm. Because they had a reasonable suspicion of criminal activity, they communicated with his probation officer, who agreed to set up a search of his residence with the participation of the police. They were conducting surveillance at his residence *579 immediately before the search. When the probation officer and investigating police arrived at his residence, he was already outside speaking to other police officers involved in the surveillance.
The officers on surveillance had seen him back his vehicle out of his driveway and park it on the street. As he walked back toward his house, the surveillance team saw the van begin rolling backwards until it rolled into an auto parked behind it. The surveillance team thereupon approached and began talking to him. The probation officer and investigating officer arrived on the scene just in time to observe these events. The police officer investigating the matter then informed defendant that they were there to conduct a search of his residence. Which they then did and found enough drugs to charge and convict for trafficking and a firearm to charge and convict for possession by a convicted felon.
Defendant's argument to the trial court and here is that all of this was a pretense for police officers to do an improper search of his residence without probable cause. But in Soca v. State, 673 So.2d 24 (Fla. 1996), the Florida Supreme Court held that the evidence obtained in a warrantless search of a probationer's residence by a probation supervisor, although tipped-off and accompanied by a police investigator, was admissible in a probation revocation hearing, even though it would not be admissible in the criminal case unless that search met all the usual constitutional search and seizure requirements. 673 So.2d at 25.
In United States v. Knights, 534 U.S. 112, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001), the United States Supreme Court has since held that warrantless searches of a probationer's residence, supported by a reasonable suspicion but not probable cause, are reasonable under the Fourth Amendment. Thus evidence found in such a search may be admitted even in resulting criminal prosecutions. When Soca was decided by the Florida Supreme Court there had been no such construction of the Fourth Amendment by the United States Supreme Court. The Soca court was therefore able to allow greater search protection than required by the Fourth Amendment because then there was nothing to which Florida courts were required to conform by the Conformity Clause to the Florida Constitution.[1]
With Knights, however, conformity to the Fourth Amendment would seem to make Florida law identical to federal law. Surely, at a minimum, it means that a warrantless search of a probationer's residence supported, as here, by a reasonable suspicion, would allow the evidence thus seized to be used to support a revocation of probation. See Bamberg v. State, 953 So.2d 649 (Fla. 2d DCA 2007) (holding that under Knights, where probation order provided for warrantless searches of probationer's residence, evidence seized in police search supported by reasonable suspicion is admissible in probation revocation proceedings in spite of investigatory motive for search), rev. denied, 966 So.2d 965 (Fla.2007). In light of Knights, it is no longer necessary for police armed with a reasonable suspicion to go through the subterfuge of having the probation officer perform a routine, "administrative" search of the residence under the warrantless search provision in the probation order.
Affirmed.
WARNER, J., and CONNER, BURTON C., Associate Judge, concur.
NOTES
[1] Art. I, § 12, Fla. Const. (1982).