REVISED OPINION UPON APPEL-LEE’S MOTION FOR CLARIFICATION AND APPELLANT’S RESPONSE
 

 BROWNING, J.
 

 Willie Gordon (Appellant) appeals his convictions and sentences for trafficking in hydrocodone and misdemeanor possession of cannabis in Circuit Court Case No. 2006-CF-6014, during the prosecution of which the trial court denied a motion to suppress incriminating evidence obtained during the search of probationer Appellant’s residence. The parties agree that the trial court correctly used the evidence in question as a basis to revoke Appellant’s probation in Circuit Court Case No. 2006-CF-1221. However, as the State properly concedes, we are constrained to reverse the convictions and sentences in Circuit Court Case No. 2006-CF-6014 and to remand to the trial court with instructions to discharge Appellant in that case. In granting the State’s “Motion for Clarification” and noting suggestions in Appellant’s “Response,” we withdraw our original opinion and substitute the following.
 

 Appellant was on probation in Circuit Court Case No. 2006-CF-1221 on November 28, 2006, when several probation officers went to Appellant’s residence in response to an anonymous phone tip alleging a probation violation by Appellant: specifically, the presence of illegal drugs inside Appellant’s residence. Probation supervisor William Allen testified at the suppression hearing that probationers are routinely advised that by signing the probation order at the commencement of probation, they are consenting to searches of their residences and persons.
 
 See
 
 948.03(l)(b), Fla. Stat. (2005) (including, among standard conditions that need not be orally pronounced at the revocation hearing, the requirement that the probationer permit probation supervisors to visit the probationer at the probationer’s home or elsewhere). Appellant does not suggest that the facts and law are otherwise. For security reasons and drug identification purposes, the probation officers were accompanied by deputies from the Escambia County Sheriffs Office narcotics unit, who surrounded Appellant’s residence while the probation officers entered the residence. Once inside, the probation officers handcuffed Appellant and another probationer, Amanda Dobbins. Subsequently, the deputies entered the home and seized hydro-codone pills and marijuana. This appeal deals only with Appellant, who, pursuant to the search of the residence, was charged in Circuit Court Case No. 2006-CF-6014 with trafficking in hydrocodone and with misdemeanor possession of cannabis.
 

 Appellant moved to suppress this evidence in the prosecution of the new criminal offenses. The defense conceded that, given the express notice of the right to search that new probationers receive, the probation officers had a right both to enter and search probationer Appellant’s home without a warrant, probable cause, or a reasonable suspicion of illegal activity there, and to arrest him for violating a condition of probation.
 
 See United States v. Knights,
 
 534 U.S. 112, 121, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001);
 
 Soca v. State,
 
 673 So.2d 24, 28 (Fla.1996);
 
 Grubbs v. State,
 
 373 So.2d 905, 908-09 (Fla.1979);
 
 Bamberg v. State,
 
 953 So.2d 649, 654 (Fla. 2d DCA 2007). However, Appellant asserted that the anonymous tip prompting the search did not create a reasonable suspicion of criminal activity and, therefore, pursuant to
 
 Knights
 
 and
 
 Bamberg,
 
 its fruits could not be used in a new criminal prosecution.
 

 
 *1119
 
 Focusing on the deputies’ involvement in the probationary investigation, Appellant sought to suppress the evidence on the grounds that the only reason the deputies were at the scene was a report from an unnamed probation officer that an anonymous, unverified tipster had said drugs were in Appellant’s residence; that the deputies lacked any reasonable suspicion to believe that any illegal substances were in the home; and that the deputies had no right to enter and search Appellant’s home without a warrant.
 
 See Grubbs,
 
 373 So.2d at 909;
 
 Bamberg,
 
 953 So.2d at 649. The motion to suppress asserted that any information known to the deputies before entering Appellant’s home was provided by the probation officers. Appellant argued that to allow the deputies to bootstrap their entry and search of the home to the probation officers’ admittedly lawful entry and search would eviscerate Appellant’s Fourth-Amendment protection from unreasonable searches and seizures and would be contrary to the United States Supreme Court’s decision in
 
 Knights,
 
 534 U.S. at 112, 122 S.Ct. 587, and to the Florida case law conforming to the decisions of the United States Supreme Court’s Fourth-Amendment jurisprudence pursuant to the conformity clause contained in article I, section 12 of the Florida Constitution.
 
 See State v. Butler,
 
 655 So.2d 1123, 1125 (Fla.1995);
 
 Huffman v. State,
 
 937 So.2d 202, 205 (Fla. 1st DCA 2006).
 

 The trial court refused to suppress the evidence in the prosecution for the new offenses, apparently on the ground that the deputies participation in the search of the residence was less extensive than the probation officers involvement, and perhaps minimal. Appellant then entered a plea of no contest, was adjudicated guilty, and was sentenced to a 3-year minimum mandatory term of incarceration with a $50,000 fine for the more serious offense.
 

 We review
 
 de novo
 
 whether the trial court correctly applied Fourth-Amendment law to the facts of this case.
 
 See United States v. Bajakajian,
 
 524 U.S. 321, 336 n. 10, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998);
 
 Ornelas v. United States,
 
 517 U.S. 690, 696-99, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996);
 
 Huffman,
 
 937 So.2d at 206;
 
 Brye v. State,
 
 927 So.2d 78, 80-81 (Fla. 1st DCA 2006).
 

 The evidence recovered from the search of Appellant’s residence was properly admitted to determine whether Appellant violated his probation.
 
 See Knights,
 
 534 U.S. at 118-20, 122 S.Ct. 587 (noting that the written probation condition allowing probationer Knights’ person, property, residence, vehicle, and personal effects to be searched anytime by any probation officer or law-enforcement officer, with or without a search warrant, arrest warrant, or reasonable cause, significantly diminished Knights’ reasonable expectation of privacy). The law permits deputies to accompany probation officers during a search in circumstances like the ones here, for the Fourth Amendment does not require probation officers to choose between endangering themselves by searching alone and foregoing the search because they lacked the resources and expertise necessary to search alone safely.
 
 United States v. Brown,
 
 346 F.3d 808, 812 (8th Cir.2003);
 
 see State v. Yule,
 
 905 So.2d 251, 255 (Fla. 2d DCA 2005).
 

 While contraband discovered during a search by the probation officers that is supported by reasonable suspicion may be used as a basis for a new law violation, contraband discovered during a search by the probation officers that is not supported by reasonable suspicion may not be used as a basis for a new law violation. The State correctly concedes that the unverified, anonymous tip in the instant case
 
 *1120
 
 failed to provide a reasonable suspicion. Accordingly, the trial court misapplied the law in refusing to suppress the evidence seized as a result of the probationary search and allowing the contraband discovered during the search of the residence to be admitted into evidence in the prosecution of the new criminal charges against Appellant in Circuit Court Case No. 2006-CF-6014. Unquestionably, Appellant’s probation was correctly revoked in Circuit Court Case No. 2006-CF-1221. However, we are constrained to REVERSE Appellant’s convictions and sentences in Circuit Court Case No. 2006-CF-6014 and REMAND with instructions to the trial court to discharge Appellant in that case.
 

 BARFIELD and THOMAS, JJ., concur.