WHATLEY, Judge.
 

 James C. McDonald seeks review of the postconviction court’s order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without comment the postconviction court’s order on McDonald’s second claim. We reverse and remand for further proceedings on McDonald’s first claim of ineffective assistance of counsel for failure to file a motion to suppress.
 

 In July 2008, McDonald pleaded guilty to one count of possession of cocaine and was sentenced to five years in prison. The record on appeal establishes that on February 20, 2008, law enforcement officers were watching a known narcotics location. Officers observed McDonald arrive at the location and, a short time later, they observed him leave in his vehicle. McDonald was subsequently stopped by the officers. In his motion, McDonald alleges the arresting officer stopped him because the officer “received a call” that McDonald ran a stop sign. He then alleges the officer ordered him to step out of his vehicle and searched his person without consent or reasonable suspicion. The transcript of the plea hearing, attached to the postcon-viction court’s order, reveals the State’s contention that after the officers “made contact with” him, McDonald consented to a search of his person.
 

 McDonald claims his trial counsel was ineffective for failing to file a motion to suppress the cocaine found as a result of the illegal search. The postconviction court summarily denied McDonald’s claim on the basis that the cocaine was found during a valid investigatory stop. This conclusion, however, is not supported by our limited record. Police officers may conduct an investigatory stop if there is a “ ‘reasonable, articulable suspicion that criminal activity is afoot.’ ”
 
 Mitchell v. State,
 
 787 So.2d 224, 228 (Fla. 2d DCA 2001) (quoting
 
 Illinois v. Wardlow,
 
 528 U.S. 119, 123, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000)). But a person’s “ ‘presence in an area of expected criminal activity, standing alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime.’ ”
 
 State v. Bell,
 
 19 So.3d 374, 376 (Fla. 2d DCA 2009) (quoting
 
 Wardlow,
 
 528 U.S. at 124, 120 S.Ct. 673).
 

 McDonald visited a known drug location that was under police observation. Absent additional supporting facts or a finding that McDonald consented to a search, this does not provide a basis for reasonable suspicion and a search. Because the record does not refute McDonald’s claim that the cocaine seized as a result of the stop
 
 *171
 
 would have been suppressed, the record likewise does not refute McDonald’s claim that his trial counsel was ineffective for failing to file a motion to suppress.
 

 However, before the postconviction court revisits the merits of the claim on remand, another issue must be addressed. McDonald’s claim is facially insufficient because he fails to allege that had counsel filed a motion to suppress, he would not have pleaded guilty and would have proceeded to trial. The postconviction court should not have reached the merits of McDonald’s claim but instead should have stricken the claim and given McDonald an opportunity to amend it within a reasonable and specific period of time.
 
 See Agent v. State,
 
 19 So.3d 1114, 1115 (Fla. 2d DCA 2009).
 

 Accordingly, we affirm the denial of McDonald’s second claim but reverse the denial of his first claim. On remand, the postconviction court must first allow McDonald to amend his motion to allege a facially sufficient claim. If he does so, the postconviction court may either grant an evidentiary hearing on the claim or it may again summarily deny the claim, attaching portions of the records that conclusively refute McDonald’s claim.
 

 Affirmed in part; reversed in part; remanded.
 

 LaROSE and CRENSHAW, JJ., Concur.