NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JORGE HANANIA, DOC# 366702,            )
                                       )
    Appellant,                         )
                                       )
v.                                     )      Case No. 2D17-4044
                                       )
STATE OF FLORIDA,                      )
                                       )
    Appellee.                          )
_____    )

Opinion filed February 1, 2019.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Polk
County; J. Kevin Abdoney, Judge.

Jorge Hanania, pro se.


SALARIO, Judge.

        Jorge Hanania appeals from a final order summarily denying his motion

for postconviction relief under Florida Rule of Criminal Procedure 3.850.  Having

reviewed his motion and our limited postconviction record, we conclude that Mr.

Hanania has presented three claims of ineffective assistance of counsel related to a

search of his motel room that are not refuted by the record and that are either legally

sufficient or might be amended to make them so and a fourth legally sufficient claim of

cumulative error. The postconviction court erred by summarily denying those claims. We reverse the order to that extent and affirm the balance without comment.

In October 2012, Mr. Hanania pleaded no contest to one count each of possession of methamphetamine, possession of alprazolam, possession of cannabis, and possession of paraphernalia. The trial court sentenced Mr. Hanania to a total of eleven years—five years on the methamphetamine charge to run consecutively to five years on the alprazolam charge and concurrent terms of twelve months each on the cannabis and paraphernalia charges, which the trial court ran consecutively to the sentences for possession of alprazolam and possession of methamphetamine. The trial court suspended the sentences and required Mr. Hanania to complete eleven years of probation.

Two weeks later, Mr. Hanania was arrested and charged with possession of methamphetamine and possession of paraphernalia. The arrest followed the search of a motel room in which Mr. Hanania, a friend named Oscar, and Mr. Hanania's girlfriend, Krystal Leighton, were present. Mr. Hanania's motion tells the story as follows: Polk County Sheriff's Deputy William Roberts was driving behind Ms. Leighton as she was parking a car at the motel. Ms. Leighton backed out of her parking spot to straighten the car out and almost hit Deputy Roberts' patrol car. Deputy Roberts got out of his car and began questioning Ms. Leighton. She told the deputy that the car belonged to Mr. Hanania, who was upstairs in their motel room. Deputy Roberts told Ms. Leighton that his computer showed that the car belonged to Mr. Hanania's mother

and asked to speak with him. Ms. Leighton remained in the parking lot with another deputy, who had since arrived, while Deputy Roberts went upstairs.

Deputy Roberts met Mr. Hanania at the door of his motel room. Mr. Hanania said that the car was his mother's and that he let Ms. Leighton drive it. Deputy Roberts asked whether he was on probation, and Mr. Hanania replied that he "was just put on probation for meth." The deputy asked if he could search Mr. Hanania and Oscar. Both consented. The second deputy arrived with Ms. Leighton—who evidently also consented to be searched—and all three were searched outside the room.

The searches turned up bubkes, and Deputy Roberts let Mr. Hanania, Ms. Leighton, and Oscar return to the motel room. As they walked into the room, Deputy Roberts stopped the door from closing and followed them in, over Mr. Hanania's objection, asserting that he had a right to search Mr. Hanania's room because he was on probation. Undeterred by Mr. Hanania's continuing protests over his entry into the room, Deputy Roberts searched the room and found a pipe and a scale between the bed sheets, which Mr. Hanania denied were his. The pipe tested positive for methamphetamine. Mr. Hanania was then arrested on new possession charges, which prompted the State to file a notice of violation of probation related to the eleven-year sentence Mr. Hanania had just received on the old possession charges.

At an evidentiary hearing on the probation violations, Deputy Roberts testified that after Mr. Hanania was arrested, he admitted buying the pipe, using the pipe to smoke methamphetamine, and using the scale to weigh methamphetamine. In his rule 3.850 motion, Mr. Hanania denies anything of the kind. Our limited record does

not contain any information apart from Deputy Roberts' testimony at the probation violation hearing.

At that hearing, Deputy Roberts also testified that before searching the motel room, he did not have any reason to think that there were drugs in the room. Deputy Roberts stated several times that he asked for consent to search the motel room, but he never said whether the consent he sought was given or withheld. The trial court found that Mr. Hanania's statements to Deputy Roberts established that he willfully violated his probation by possessing drug paraphernalia, revoked probation, and reimposed the previously suspended sentences. This court affirmed. See Hanania v. State, 138 So. 3d 1031 (Fla. 2d DCA 2014) (table decision).

Mr. Hanania then filed his rule 3.850 motion, which he later amended and supplemented. The postconviction court struck these filings because Mr. Hanania had not complied with the English-literacy certification requirement of rule 3.850(n)(2). At the postconviction court's direction, Mr. Hanania refiled a single rule 3.850 motion curing that deficiency. The motion raised five claims of ineffective assistance of counsel and one claim of cumulative error, all of which were related in one way or another to his contention that the evidence against him was the product of an illegal search in violation of the Fourth Amendment. The postconviction court summarily denied claim five and ordered the State to respond to the other claims. The State responded that claim one should be denied, that claims two and three should be dismissed with leave to amend, and that claim four required an evidentiary hearing.

Notwithstanding the State's response that Mr. Hanania should get leave to amend two claims and that an evidentiary hearing was required on a third, the postconviction court entered a final order summarily denying Mr. Hanania's motion in its entirety. Contrary to what the State said in its response, the postconviction court wrote that "the State argues that the Defendant's claims should be denied. The Court agrees." It reasoned that all of Mr. Hanania's claims boiled down to whether to believe Mr. Hanania's story concerning whether he consented to the search of the motel room or whether, instead, to believe the deputy's. The court concluded as follows: "Given the Defendant's past record and interest in the outcome of the case, the Court finds that it is not probable that a motion to suppress would have been granted or that the result of the Defendant's [probation violation] hearing would have been different."[1] It attached to its order the transcript of Deputy Roberts' testimony at Mr. Hanania's probation violation hearing. This is Mr. Hanania's timely appeal.

We review the summary denial of a motion for postconviction relief de novo. Martin v. State, 205 So. 3d 811, 812 (Fla. 2d DCA 2016). Our task is "to determine whether the claims are legally sufficient and whether they are conclusively refuted by the record." Watson v. State, 34 So. 3d 806, 808 (Fla. 2d DCA 2010)

---

[1]Witness credibility is not regarded as an appropriate basis for the summary denial of a postconviction motion. See Coley v. State, 74 So. 3d 184, 185 (Fla. 2d DCA 2011) ("[C]redibility may be called into question based on conflict with testimony adduced at trial[;] such conflict is necessarily an evidentiary matter that must be weighed after a hearing and is not proper grounds for denial at the summary stage of the proceeding."). Mr. Hanania has not raised that aspect of the postconviction court's order here, however, and so we do not address it further or reverse on that basis. See I.R.C. v. State, 968 So. 2d 583, 588 (Fla. 2d DCA 2007).

(quoting Griggs v. State, 995 So. 2d 994, 995 (Fla. 1st DCA 2008)). "When a postconviction court summarily denies a defendant's motion without an evidentiary hearing, an appellate court 'must accept a defendant's factual allegations as true to the extent they are not refuted by the record.' " Balmori v. State, 985 So. 2d 646, 649 (Fla. 2d DCA 2008) (quoting Floyd v. State, 808 So. 2d 175, 182 (Fla. 2002)). To sufficiently plead a claim of ineffective assistance of counsel, the defendant must sufficiently allege facts showing (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the defendant. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

In claim two of his postconviction motion, Mr. Hanania asserted in a generalized fashion that his counsel should have "challenged" the search of his motel room during his probation violation proceedings. However, as the State pointed out in its response, Mr. Hanania did not make any allegations regarding exactly what counsel should have done or how counsel should have done it. Based on some of the cases his motion cites, Mr. Hanania probably meant that counsel should have filed a motion to suppress or otherwise tried to exclude the evidence resulting from that search on the theory that Deputy Roberts lacked the authority to conduct a warrantless, nonconsensual search of his hotel room—which, as we discuss below, is also the focus of claim four. But as presented in claim two, this claim was merely conclusory and thus facially insufficient. See Knight v. State, 923 So. 2d 387, 399 (Fla. 2005) (noting that the defendant's claim that counsel was ineffective for not challenging the State's experts was conclusory and insufficient when the defendant did not allege what particular

challenge counsel should have made); Kennedy v. State, 547 So. 2d 912, 913 (Fla. 1989) (stating that a defendant seeking postconviction relief "must allege specific facts that, when considering the totality of the circumstances, are not conclusively rebutted by the record and that demonstrate a deficiency on the part of counsel which is detrimental to the defendant"). Instead of summarily denying it, the postconviction court should have given Mr. Hanania an opportunity to amend this claim. See Fla. R. Crim. P. 3.850(f)(2). To the extent he can allege a legally sufficient claim based on counsel's failure to "challenge" the search that is independent of claim four, he is entitled to an opportunity to plead it. See Spera v. State, 971 So. 2d 754, 761 (Fla. 2007).

Because claim four is closely related to claim two, we discuss that claim next. In claim four, Mr. Hanania specifically alleged that counsel should have filed a motion to suppress the evidence obtained as a result of the search of the motel room. He asserted that the search was warrantless, that his status as a probationer did not authorize a warrantless search, and that he did not give consent to the search. Absent a justification to be found in Mr. Hanania's status as a probationer or his consent, of course, Deputy Roberts' search of the motel room would have required a showing of exigent circumstances. See Holloman v. State, 959 So. 2d 403, 406 (Fla. 2d DCA 2007); see also Lambert v. State, 811 So. 2d 805, 807 (Fla. 2d DCA 2002) (discussing ineffective assistance in the context of a violation hearing for failing to seek suppression of evidence of a new law violation that was later shown to be subject to suppression in the proceeding related to the new charges and citing State v. Scarlet, 800 So. 2d 220, 222 (Fla. 2001), to conclude that the exclusionary rule does apply to probation

revocation proceedings). The postconviction court summarily denied claim four, reasoning only that it would not have believed Mr. Hanania's testimony over Deputy Roberts' on the question of consent and that a motion to suppress would, for that reason, not have been granted. But Deputy Roberts' testimony was, at the very best, ambiguous on the matter of consent. A motion to suppress may very well have been meritorious.

Deputy Roberts acknowledged in his testimony at the probation violation hearing that he did not have any basis to think that Mr. Hanania had anything illegal in his possession when he began searching the motel room, all but admitting that he lacked even reasonable suspicion for a search without Mr. Hanania's consent. See United States v. Knights, 534 U.S. 112, 121 (2001) (discussing whether a law enforcement officer, as opposed to a probation supervisor, would have needed only reasonable suspicion to conduct a search). And to the extent he searched the room based solely on the fact that Mr. Hanania was on probation, as Mr. Hanania contends, that presents a facially sufficient assertion that Mr. Hanania's counsel should have sought to suppress the fruits of the search as contrary to law. Although a probation supervisor may conduct a warrantless and suspicionless search of a probationer's person or residence, law enforcement officers who are not probation supervisors—like Deputy Roberts—do not enjoy the same freedom of action. Grubbs v. State, 373 So. 2d 905, 909 (Fla. 1979) ("The search of a probationer's person or residence by a probation supervisor without a warrant is, in our view, a reasonable search and absolutely necessary for the proper supervision of probationers. However, granting such general

authority to law enforcement officials is not permissible under the search and seizure provisions of the Florida or United States Constitutions.");[2] see also Gnann v. State, 662 So. 2d 406, 407 (Fla. 2d DCA 1995) ("A motel room is considered a private dwelling [in which a person may claim Fourth Amendment protections] if the occupant is there legally, has paid or arranged to pay, and has not been asked to leave."). It is certainly possible that the terms of Mr. Hanania's probation required him to submit to warrantless searches by law enforcement officers, but we cannot tell that from our record. If such a term exists, the postconviction court's order summarily denying Mr. Hanania's motion did not include it as an attachment. See Fla. R. Crim. P. 3.850(f)(4), (5).

Thus, the facts provided by this record do not conclusively refute Mr. Hanania's allegations that his status as a probationer did not authorize Deputy Roberts' search of his motel room. If that allegation is true, the search would have comported otherwise with the Fourth Amendment only if an exception to the warrant requirement applied. And the only other exception that could have applied here would have been consent. See Gnann, 662 So. 2d at 408 ("The five basic exceptions are: (1) consent, (2) incident to a lawful arrest, (3) with probable cause to search but with exigent circumstances, (4) in hot pursuit, and (5) stop and frisk." (citing Engle v. State, 391 So. 2d 245 (Fla. 5th DCA 1980))).

_____

[2]We have recognized that Grubbs was superseded in part by the United States Supreme Court's ruling in Knights. See Bamberg v. State, 953 So. 2d 649, 654 (Fla. 2d DCA 2007). However, "[i]f law enforcement officers lack a reasonable suspicion to search," which Deputy Roberts admitted was the case here, "then Knights is inapplicable." Id. at 654 n.4.

The postconviction court stated that Deputy Roberts testified that Mr. Hanania consented to the search. From there, its order appears to have concluded that the record conclusively refutes Mr. Hanania's allegation that he did not consent to the search. The postconviction court did not, however, accurately describe Deputy Roberts' testimony. To be sure, the deputy testified—three times, in fact—that he asked for consent to search the motel room. But he never testified that Mr. Hanania or anyone else actually gave him the consent he sought. There is nothing else in our record, like a police report or testimony from another witness, which would establish that Deputy Roberts had valid consent to search the motel room. And to the extent that Deputy Roberts searched the motel room based on his belief that Mr. Hanania's status as a probationer gave him the right to do so, as Mr. Hanania alleges, that would suggest that he did not search the room because he believed he had consent to do so. As a result, Mr. Hanania's allegation that he did not give consent to the search of his room is not conclusively refuted by the record.

We are aware, of course, that it was Mr. Hanania's postarrest statements to Deputy Roberts, and not the pipe and scale discovered during the search of the motel room, that were used to establish his possession of paraphernalia and that served as the basis for the revocation of his probation. We are further aware that "[a] probationer's admissions against interest may, as a matter of law, be sufficient to revoke his probation" even where, as is arguably the case here, there is no independent evidence of the corpus delicti of the crime. State ex rel. Russell v. McGlothin, 427 So. 2d 280, 282 (Fla. 2d DCA 1983). To determine whether Mr. Hanania sufficiently alleged

- 10 -

deficient performance and prejudice in a way that is not conclusively refuted by the record, then, we need to consider whether Mr. Hanania's statements could have been suppressed along with the physical evidence from the motel room.

Oral statements made after an unlawful search or arrest can be suppressed in the same manner as tangible evidence obtained during an unlawful search or arrest where those statements are properly considered fruits of the unlawful search. Wong Sun v. United States, 371 U.S. 471, 485–86 (1963); see also Talley v. State, 581 So. 2d 635, 636 (Fla. 2d DCA 1991). Determining whether such statements are admissible requires consideration of three factors: "The temporal proximity of the arrest and the confession, the presence of intervening circumstances, and, particularly, the purpose and flagrancy of the official misconduct . . . ." Brown v. Illinois, 422 U.S. 590, 603–04 (1975) (citation omitted) (footnotes omitted); see also State v. Frierson, 926 So. 2d 1139, 1143 (Fla. 2006). The burden of proving that the statements are admissible, of course, rests with the State. Brown, 422 U.S. at 604.

Here, our limited postconviction record tells us next to nothing about the facts relevant to whether Mr. Hanania's postarrest statements were required to be suppressed. We know that Deputy Roberts testified that he spoke with Mr. Hanania outside of the motel room immediately after the search and also later at a sheriff's office substation. His testimony did not provide any details of the initial conversation at the motel, although he testified that sometime after that initial conversation, at the substation, Mr. Hanania admitted to having purchased the pipe the day before. On these limited facts, we are unable to say that the record conclusively shows that Mr.

- 11 -

Hanania's statements would not have been suppressed.  See, e.g., Brown, 422 U.S. at 604–05 (holding that a statement made within two hours of arrest was inadmissible when there were no intervening circumstances); State v. Rogers, 427 So. 2d 286, 288 (Fla. 1st DCA 1983) (holding that statements made the day after the arrest were inadmissible when they were made during the same period of custody and there were no intervening circumstances).

We are thus left with facially sufficient allegations by Mr. Hanania that his counsel's performance in the probation violation proceedings was deficient (he failed to file a motion to suppress that reasonable counsel would have filed) and that he suffered prejudice as a result (a reasonable probability that the motion would have been granted and that the only evidence establishin that he violated condition five of his probation would have been suppressed) that the record does not refute.  As such, the postconviction court erred in summarily denying claim four of Mr. Hanania's motion.  See, e.g., McDonald v. State, 35 So. 3d 169, 170 (Fla. 2d DCA 2010) (reversing summary denial of ineffective assistance claim based on the failure to file a motion to suppress where "[a]bsent additional supporting facts or a finding that McDonald consented to a search," law enforcement lacked a constitutionally permissible basis for a search); Rodriguez v. State, 892 So. 2d 510, 510–11 (Fla. 2d DCA 2004) (reversing summary denial of ineffective assistance claim where defendant alleged that counsel knew that he had not consented to an otherwise illegal search of his truck).

Turning to claim three, Mr. Hanania alleged that Ms. Leighton would have testified that he did not consent to the search of the motel room and thus asserted that

counsel provided ineffective assistance by not calling Ms. Leighton to testify. In doing so, Mr. Hanania sufficiently identified the witness, stated what her testimony would have been, explained how her testimony would have affected the outcome of the proceedings, and alleged that the witness was available to testify. See Nelson v. State, 875 So. 2d 579, 582-83 (Fla. 2004). It is not clear from his motion, however, whether Mr. Hanania is alleging that Ms. Leighton's testimony should have been presented at a hearing on a motion to suppress that never occurred because no such motion was made or at the probation violation hearing that did, in fact, occur. If the former, the claim is entirely subsumed by what the postconviction court must consider within claim four—Ms. Leighton's alleged testimony that Mr. Hanania did not consent to a search is simply evidence of both deficient performance and prejudice in the question of whether a motion to suppress should have been filed or would have been granted. If the latter, the claim is not facially sufficient because it is entirely conclusory in that it fails to provide any facts to show that the failure to offer the testimony at the violation hearing (where both the results of the search and the postarrest statements were introduced) constituted either deficient performance or prejudice. See Knight, 923 So. 2d at 399; Kennedy, 547 So. 2d at 913. The postconviction court should have offered Mr. Hanania an opportunity to clarify this claim in regard to which hearing the testimony would relate to and the grounds upon which it rests.

Last, in claim six, Mr. Hanania asserted cumulative error. "Based on our reversal and remand on some of the claims, we reverse the denial of this claim and

remand for the postconviction court to consider it after the court has resolved the remaining claims." Hempstead v. State, 980 So. 2d 1254, 1265 (Fla. 2d DCA 2008).

In sum, we affirm the denial of claims one and five, reverse the denial of claims two, three, four, and six, and remand for further proceedings. The postconviction court shall allow Mr. Hanania an opportunity to amend claims two and six and shall then either attach record evidence conclusively refuting Mr. Hanania's remaining claims or hold an evidentiary hearing.[3] See Richardson v. State, 617 So. 2d 801, 803 (Fla. 2d DCA 1993).

Affirmed in part, reversed in part, and remanded with instructions.

NORTHCUTT and ROTHSTEIN-YOUAKIM, JJ., Concur.

---

[3]In this regard, we recognize that some of the factual allegations in the postconviction motion are refuted by the record. As explained in the text, however, when we take the asserted facts that are not refuted by the record as true, as we must at this stage of the proceedings, a summary denial was improper. Whether the unrefuted factual allegations of the motion might be refuted, by other portions of the record not attached to the order presently on appeal or at an evidentiary hearing, is not a matter that is before us.