DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AKEEM EMORY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-2335

[May 7, 2025]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Michael C. Heisey, Judge; L.T. Case No. 562015CF002041.

Deana Marshall of the Law Office of Deana K. Marshall, P.A., Riverview, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Rachael Kaiman, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Akeem Emory ("Defendant") appeals the summary denial of a rule 3.850 motion. We reverse and remand for an evidentiary hearing solely on claim three, which alleged ineffective assistance of counsel for failing to investigate and call two alibi witnesses.

Defendant was convicted of robbery with a firearm and possession of a firearm by a convicted felon. The evidence showed that three men robbed a gas station. Each of them had their faces partially covered and one pointed a gun at the cashier. The cashier believed he recognized the gunman and identified him as Defendant. But the cashier also expressed some second thoughts about the identification.

Recorded jail calls between Defendant and his girlfriend referenced an alibi, and the girlfriend testified that Defendant was at his cousin's house the night of the robbery. However, she was not there the entire night and could not provide a complete alibi. Defendant alleged his attorney should have investigated and called two alibi witnesses. According to Defendant,

both witnesses could testify that Defendant was at his cousin's house playing video games at the time of the robbery. The claim is facially sufficient and not refuted by the record. *See Noa v. State*, 356 So. 3d 838, 840–41 (Fla. 4th DCA 2023).

This testimony would not be cumulative because the witnesses could provide a complete alibi, and the claim is not inherently incredible. *See, e.g., Simpson v. State*, 100 So. 3d 1258, 1260 (Fla. 4th DCA 2012) (explaining it was inappropriate to conclude a new eyewitness's affidavit was "inherently incredible" without an evidentiary hearing simply because the affidavit conflicted with testimony of witnesses at trial).

The State suggested reasons to question the witnesses' credibility, and argued defense counsel's failure to investigate and call the witnesses was a tactical decision. However, determining whether these witnesses are credible and whether the failure to call them is a reasonable tactical decision requires an evidentiary hearing. *See Hanania v. State*, 264 So. 3d 317, 321 n.1 (Fla. 2d DCA 2019) ("Witness credibility is not regarded as an appropriate basis for the summary denial of a postconviction motion."); *Castro v. State*, 240 So. 3d 877, 879 n.2 (Fla. 5th DCA 2018) (recognizing an evidentiary hearing is generally needed to determine why counsel did not call a witness).

Accordingly, we reverse the denial of claim three and remand for an evidentiary hearing. The court's summary denial of the remaining claims is affirmed.

*Affirmed in part, reversed in part, and remanded with instructions.*

DAMOORGIAN and KUNTZ, JJ., concur.
ARTAU, J., concurs in result only.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**

2